[Civ. No. 256. Second Appellate District.—November 26, 1906.]

## S. P. ROWLAND, Respondent, v. JOHN W. WATSON, Appellant.

PROMISSORY NOTE—CONTRACT TO EXTEND TIME OF PAYMENT—CONSTRUCTION—LIMIT OF PENALTY.—A written contract to extend the time of payment of a promissory note two months after maturity, upon an agreed penalty of $50 per month as a penalty for such extension, besides interest, is to be construed as limiting the agreed penalty to the two months' extension agreed upon, and the payee cannot lawfully exact the same penalty per month during his further voluntary delay to compel payment of the note.

ID.—PAYMENT ILLEGALLY EXACTED—COMPULSION TO AVOID FINANCIAL LOSS—NOTICE AND PROTEST—RECOVERY BACK.—Where the payee of the note illegally exacted the payment of $50 per month for each and every month of delay in payment, after the expiration of the extended time agreed upon, amounting to the sum of $620 in excess of the amount due, and such excessive sum was paid under notice and protest to avoid financial loss, such payment is to be regarded in law as a payment under compulsion, and the excessive sum so illegally exacted may be recovered back.

ID.—FORCED PAYMENT THROUGH AGENCY.—The fact that the forced payment was not made by plaintiff directly to the defendant, but through the agency of a title insurance and trust company, holding money borrowed by the plaintiff from a third party upon security given to pay all his just debts, is immaterial. Such money borrowed was plaintiffs' money, and the fact that it was paid directly by the money lender to such agency, and went directly therefrom to the defendant, does not affect the obligation of the defendant who illegally exacted money belonging to the plaintiff, against his protest, to repay the same.

APPEAL from a judgment of the Superior Court of Los Angeles County.   N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

H. S. Rollins, for Appellant.

The complaint shows no right of action to recover money paid under duress. (*Burke* v. *Gould,* 105 Cal. 277, 38 Pac. 733; *Phelan* v. *San Francisco,* 120 Cal. 1, 52 Pac. 38; *Brumagim* v. *Tillinghast,* 18 Cal. 265, 79 Am. Dec. 176; *Garrison* v. *Tillinghast,* 18 Cal. 417; *Bucknell* v. *Story,* 46 Cal. 589, 13 Am. Rep. 220; *Maxwell* v. *San Luis Obispo,* 71 Cal. 466, 12 Pac. 484; *Cooper* v. *Chamberlin,* 78 Cal. 450, 21 Pac. 14; *Dear* v. *Varnam,* 80 Cal. 89, 22 Pac. 76; *Mayor* v. *Lefferman,* 4 Gill (Md.), 425, 45 Am. Dec. 148; *Benson* v. *Monroe,* 7 Cush. (Mass.) 125, 54 Am. Dec. 716; *Taylor* v. *Board of Health,* 31 Pa. St. 73, 72 Am. Dec. 724; 22 Am. & Eng. Ency. of Law, 2d ed., 614, 615.)

W. C. Petchner, for Respondent.

Penalties are to be strictly construed, and must be created by unambiguous language, and cannot be extended by implication. (*Von Schmidt* v. *Huntington,* 1 Cal. 55; *Occidental B. & L. Assn.* v. *Sullivan,* 62 Cal. 394; *Savings etc. Soc.* v. *McKoon,* 120 Cal. 177, 52 Pac. 305). Compulsory payments illegally exacted, made to save financial loss or ruin, may be recovered back. (*Dana* v. *Kimball,* 17 Pick. (Mass.) 545; *Corkel* v. *Maxwell,* 3 Blatchf. 413, Fed. Cas. No. 3231; *Scottish Union* v. *Herriott,* 109 Iowa, 606, 77 Am. St. Rep. 548, 80 N. W. 665; *Curen* v. *Rutherford,* 106 Mass. 1, 8 Am. Rep. 287; *Sartwell* v. *Horton,* 28 Vt. 373; *Chase* v. *Dwinell,* 7 Greenl. 134, 20 Am. Dec. 352; *Harmony* v. *Bingham,* 12 N. Y. 99, 62 Am. Dec. 142; *Maxwell* v. *Griswold,* 10 How. (U. S.) 242, 13 L. Ed. 405; *Cobb* v. *Charles,* 32 Conn. 358, 87 Am. Dec. 178; *Robertson* v. *Frank Brothers,* 132 U. S. 17, 10 Sup. Ct. 5, 73 L. Ed. 236; *Swift* v. *United States,* 111 U. S. 22, 4 Sup. Ct. 244, 28 L. Ed. 341; *Lonergan* v. *Buford,* 148 U. S. 581, 13 Sup. Ct. 684, 37 L. Ed. 569; *Burke* v. *Gould,* 105 Cal. 281, 282, 38 Pac. 733; *Ratterman* v. *Express Co.,* 49 Ohio St. 608, 32 N. E. 754; *Baker* v. *Cincinnati,* 11 Ohio St. 534; *Steamship Co.* v. *Young,* 8 Pa. St.

1861; *Bates* v. *New York Ins. Co.*, 3 Johns. Cas. 238; *Scholley* v. *Mumford*, 60 N. Y. 498; *Harmony* v. *Bingham*, 12 N. Y. 100, 62 Am. Dec. 142; *Stanton* v. *Jerome*, 54 N. Y. 480; *Baldwin* v. *Liverpool & G. N. S. S. Co.*, 74 N. Y. 125, 30 Am. Rep. 277; *McPherson* v. *Cox*, 86 N. Y. 472; *Spaids* v. *Barrett*, 7 Ill. 289; *Vyne* v. *Glenn*, 41 Mich. 112, 1 N. W. 997; *Hackley* v. *Headley*, 145 Mich. 569, 8 N. W. 511; *Mearkle* v. *Hennepin*, 44 Minn. 546, 47 N. W. 165; *Niedermyer* v. *Curators*, 61 Mo. App. 654; *Westlake* v. *St. Louis*, 77 Mo. 47, 46 Am. Rep. 4; *Warrensburg* v. *Miller*, 77 Mo. 56; *Loring* v. *St. Louis*, 80 Mo. 461; *Buford* v. *Lonergan*, 6 Utah, 301, 22 Pac. 164; *Horner* v. *State*, 59 N. Y. Supp. 96, 42 App. Div. 430; *Buckley* v. *Mayor*, 52 N. Y. Supp. 452, 30 App. Div. 463; *Shaw* v. *Woodcock*, 7 Barn. & C. 73; *Close* v. *Phipps*, 7 Man. & G. 586; *Parker* v. *Great Western*, 7 Man. & G. 252; *Astly* v. *Reynolds*, 2 Strange, 915.)

GRAY, P. J.—This action is brought to recover the sum of $620.58 alleged to have been overpaid on a note and agreement set out in the complaint. The plaintiff had judgment as prayed, and the defendant appeals therefrom. The appellant contends that the complaint does not state a cause of action, and that the complaint is insufficient to sustain the judgment.

The complaint upon which the trial was had proceeds upon the theory that the defendant by his conduct compelled the overpayment on a certain promissory note of the sum of $620.58. The note, dated April 1, 1903, for the principal sum of $700, drawing interest at seven per cent per annum from maturity, is set out in full in the complaint. It is also alleged that on the same date plaintiff and defendant made and entered into an agreement in writing to the effect that, if the said plaintiff Rowland should desire an extension of time to pay the said note, the said defendant Watson would extend said time of payment for two months after August 1, 1903, the date of its maturity. It was further understood and agreed between the parties, as stated in the agreement, that if such time of payment should be extended the plaintiff should pay for said extension "an additional bonus of fifty dollars per month for each month or fractional part of a month which said note shall be extended" by the defendant, together with interest on the principal sum of said note and

the said bonus of $50 per month at the rate of seven per cent per annum, it being understood and agreed between the parties that in case said note should not be paid upon the first day of August, this agreement should be and become a part of said promissory note and the security given for the payment thereof. The complaint then goes on to state, in substance, that the security in said contract referred to consisted of an assignment by plaintiff to defendant of all the title and interest of plaintiff in and to the estate of plaintiff's father, which was then in course of administration in the probate court of Los Angeles county, and, except the interest of plaintiff in said estate, that he did not own any other real property. That on December 20, 1904, plaintiff was indebted in various sums, the aggregate of which was in excess of $4,258, all of which was overdue and payment of which was being demanded by his creditors; that one of his said creditors, J. S. Howland by name, held a judgment against plaintiff for $2,312, which was a first lien on the said real property interests of plaintiff; that on said December 20th the utmost plaintiff could borrow on all his earthly possessions was the sum of $4,000 with which to pay off said total indebtedness of $4,258, and that he could borrow said sum of $4,000 only on condition that he should pay off all his said indebtedness, and that said J. S. Howland, after strenuous solicitation on the part of plaintiff, agreed to remit $612 of his said claim if the same was paid by January 1, 1905, but if not so paid, he stated he would demand payment of the entire amount, $2,312, and would at once seize and sell all of plaintiff's property under a writ of execution. That on or about December 23, 1904, plaintiff negotiated a loan of $4,000 from one Bidart, which sum was on said last-mentioned date placed with the Title Insurance and Trust Company in escrow for the space of ten days, to be used by said company for the payment of all the indebtedness that constituted a lien upon plaintiff's said property, provided there was sufficient for said purpose, and provided further, plaintiff could and would mortgage said property to said Bidart as security for said loan, free and clear of all encumbrances. It is further alleged that to and including the first day of January, 1905, there was due to defendant Watson, under said note and agreement hereinbefore mentioned, the sum of $879.42, and no more. That said Bidart required a

release of all of said liens, including that of defendant Watson, before he would permit any of said $4,000 to be paid said Howland. That said Watson, taking advantage of the distress and necessity of plaintiff's situation, wrongfully demanded of him the sum of $1,500 before he would give or would consent to give a release of his said lien; that plaintiff had no time between said twenty-third day of December, 1904, and January 1, 1905, in which, by an action at law, to establish the wrongfulness of said defendant Watson's claim. That if said release from defendant Watson was not secured by said first day of January, 1905, plaintiff would not give said Bidart a first lien on his said property, and, hence, could not secure from said Bidart said loan of $4,000; and, furthermore, could not pay Mr. Howland the sum of $1,700, which he had agreed to accept, in which event Howland would have enforced payment of the original sum of $2,312 by forced sale of all of plaintiff's property and would have entirely bankrupted him; that in order to secure the release of said assignment from said defendant before January 1, 1905, plaintiff was compelled to and did pay to said defendant, on the twenty-seventh day of December, 1904, the sum of $1,500, but did so involuntarily and under protest, of which he notified defendant before the receipt by defendant of said sum of $1,500, and that plaintiff had no alternative to save himself from bankruptcy but to make said payment to defendant. That at the time plaintiff paid defendant said sum of $1,500, under protest as aforesaid, there had accrued and was unpaid on said note, and under said agreement, as principal and interest and as bonus for said extension, the total sum of $879.42, and no more; that plaintiff, in the manner aforesaid, overpaid the defendant the sum of $620.58, repayment whereof has not been made to plaintiff, but is refused, to plaintiff's damage in the sum of $620.58.

1. Whether the complaint supports the judgment for the $620.58 seems to depend entirely upon the construction which should be given to the contract hereinbefore referred to for an extension of time in the payment of the $700 note. It seems to be conceded by all parties that said contract extended the time for payment of said note for at least two months and attached a penalty or charge of $50 for each of said two months or fraction of month in addition to the regular seven per cent interest named in the note. But it is

contended by appellant that a proper construction of said contract required the plaintiff to pay, in addition to the seven per cent interest, the sum of $50 for each and every month that the note remained unpaid after it fell due according to its terms; and it seems to have been upon this theory that the payment of $1,500 in satisfaction of the note was compelled by him. We cannot agree with this contention. On reading the contract it will be noticed that there was no agreement on the part of Watson to extend the time of payment for any period in excess of two months after August 1, 1903. It must be understood, then, that the agreement related only to those two months, and it was for each of those two months, or for one of those months and a fraction of the other only that this $50 monthly charge was contemplated by the parties. Immediately at the conclusion of said two months' period the defendant Watson, by the very terms of the agreement, was in a position to bring suit and enforce payment of the promissory note. The time during which he subsequently let the matter rest without beginning suit was voluntary on his part. It was not done in pursuance of the agreement and did not carry with it any right to collect any bonus of $50 for each of the months subsequent to the two months' mentioned. This, we think, is a fair construction of the contract, and is strictly in accord with the very letter of its terms; and this being so, there can be no question but what the judgment for the sum named is clearly supported by the allegations of the complaint, conceding that said complaint states a cause of action.

2. The next question we will consider is, Does the complaint state a cause of action for money paid under compulsion? We think it does. It is clear on the allegations of the complaint that if plaintiff had not paid this $1,500, as required by defendant, he would have suffered great financial loss. Many cases are cited in the brief of the respondent to show that a payment made to avoid financial loss and so made on notice and protest, as it is alleged to have been made in the complaint in this case, is regarded in the law as a payment under compulsion, and where the sum so paid is illegally exacted it can be recovered back. Without citing any of these cases, we deem it sufficient to say that we heartily agree with them, and that in our judgment the allegations of the complaint bring this case in line with those decisions.

4 Cal. App.—31

3. As to the point made by appellant, that this forced payment was not made direct to defendant, but came to him from the Title Insurance and Trust Company, we think that entirely ·material. It was money which belonged to this plaintiff. To be sure, it was to be and was in fact borrowed from a third party in this $4,000 loan, but, nevertherless, plaintiff had given security for it, and it was in fact, as well as in effect, plaintiff's money. That it was paid directly by the money lender to the Title Insurance and Trust Company, and went directly from the Title Insurance and Trust Company to the defendant, can make no difference. It was and is the plaintiff's money. It found its way, through some agency, to the defendant and is now in the hands of the defendant, and belongs to the plaintiff. The judgment in plaintiff's favor and against defendant for that sum was, therefore, clearly correct.

The judgment is therefore affirmed.

Allen, J., and Smith, J., concurred.