## UNION CENT. LIFE INS. CO. v. ERWIN.

No. 3946. Opinion Filed December 8, 1914.

Rehearing Denied January 30, 1915.

(145 Pac. 1125.)

**PAYMENT—Recovery—Duress—Lien of Mortgage.** Where a mortgagee has exercised an option given him by the mortgage to declare the mortgage debt due upon default in the payment of interest, and then demands the payment of a bonus in addition to the principal and interest of the debt before he will release the mortgage lien, and such bonus is paid, the mortgagor may maintain an action to recover the amount thereof.

(Syllabus by Galbraith, C.)

*Error from Superior Court, Logan County;*

*S. S. Lawrence, Judge.*

Action by Frankie E. Erwin against the Union Central Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*McGuire & Smith,* for plaintiff in error.

Opinion by HARRISON, C. This cause presents the question whether a mortgagor, having under duress paid a bonus to a mortgagee for a release of a mortgage, can afterward maintain an action for the recovery of the bonus thus paid.

The plaintiff below, Frankie E. Erwin, was the mortgagor, and defendant the mortgagee. The mortgagor had obtained a loan of $1,200 on her homestead quarter section, for which she and her husband executed one note for $1,200 and one for $200, each drawing interest at the rate of 6½ per cent. per annum from date until paid, and, to secure the payment of same, executed a mortgage on her homestead quarter section. The two notes and mortgages were executed February 25, 1905, the $200 note due in two years and the $1,200 note in ten years. The $200

note was not paid at maturity, but allowed to run until February, 1911, about two years after maturity, at which time the principal •being past due, and also some interest payments and taxes being past due and unpaid, the mortgagee declared the whole sum, principal and interest, due and demanded payment thereof. The mortgage provided that upon failure of the mortgagor to pay the principal on either note when same became due, or to make the interest payments upon either note when they became due, or to pay the taxes as they became due, the mortgagee, upon its election, should be authorized to declare the whole sum due and to foreclose the mortgage in satisfaction of the debt. Plaintiff alleged in her petition that in February, 1907, she was threatened by the mortgagee with foreclosure proceedings, unless the amounts due were paid; that she had no other way or means for raising the amount, except by obtaining another loan on her land; that she was unable to obtain a new loan without first satisfying the mortgage and obtaining a release of same; that she was forced to obtain a release of same in order to obtain a new loan with which to satisfy the mortgagee's demands and avoid the threatened foreclosure proceedings; that the mortgagee refused to release the mortgage unless plaintiff would pay the sum of $50 as a bonus for such release and an additional sum of $10 for expenses claimed by the mortgagee to have been incurred; that plaintiff protested against the payment of such bonus and extra expenses on the ground that neither of same had been provided for in the mortgage, but that she was forced to pay same in order to avoid foreclosure proceedings, and that after she had paid off the mortgage and the interest, together with the bonus and extra expenses claimed, she made demand for the return of the $50 bonus and the $10 extra expenses. Upon defendant's refusal to return same, this suit was instituted and judgment obtained against defendant for the $50 bonus and $2.65 expense money, with interest on the whole amount at 6 per cent. until the judgment be satisfied. From such judgment the insurance company appeals upon seven specifications of error. These specifications of error involve three

principal propositions: First, whether the court erred in the admission or rejection of testimony; second, whether the judgment was sustained by the evidence; third, whether the judgment, after the money had been paid to the mortgagee and the benefits of a release received by the mortgagor, was contrary to law.

From an examination of the record of the proceedings, we find no prejudicial error in the admission or rejection of testimony. It also appears from the record that the judgment is sustained by the evidence.

As to the third proposition, it is contended by the insurance company that it was entitled to the bonus paid by the mortgagor for the release, as a remuneration on its investment for the unexpired time; that is, until maturity of the $1,200 note. A number of authorities are cited by plaintiff in error in support of this contention, but the authorities cited are not applicable to the facts disclosed by this record. They, in the main, are cases where the mortgagor, of his own desire, of his own choice, demanded the right to pay off a mortgage and obtain a release of same before it was due. In such cases the courts have very generally held that the mortgagee, being contented with his investment, and desiring to let it run until maturity, was entitled to a reasonable bonus for the release of his mortgage as remuneration on his investment for the unexpired time. But in the case at bar it was alleged by the mortgagor, and proved to the satisfaction of the court by the evidence, that she had not of her own choice demanded the right to pay off the mortgage and get a release therefrom before it was due, and thereby deprive the mortgagee of the benefits of his investment, but that the mortgagee had become dissatisfied with its investment and had demanded payment of both principal and interest and threatened to foreclose unless it was paid, and that she had been forced to pay it off in order to avoid foreclosure and forced to pay a bonus in order to obtain a release of the mortgage lien. This presents an altogether different aspect to that of a case wherein the mortgagor voluntarily

and of his own free will demands the right to pay off a mortgage
not yet due and to obtain a release therefor, and we think that,
under the record and the law, the court very properly gave her
judgment for the amount of bonus she had been thus forced to
pay. The facts in the case present this condition: The mort-
gagee had an option, upon default in interest payments, to either
grant further time or to declare the whole amount due and to
foreclose. The mortgagor was in default of interest payments.
The mortgagee, being unwilling to grant further time or to make
a new loan, and becoming dissatisfied with his investment, chose
to exercise his option, declare the whole amount due, foreclose
his mortgage, and get his money out of the investment. The
mortgagor, desiring to avert foreclosure proceedings, set
about to find some one of whom she could obtain a loan
with which to pay off the mortgage, and, upon her finding a
place where she could get the money, she proposed to the mort-
gagee to pay all that was due under the mortgage and all that
could have been obtained by foreclosure proceedings, if the
mortgagee would not foreclose. To this the mortgagee agreed
and the mortgagor proceeded to complete arrangements for a
new loan; but, when it came to releasing the mortgage, the
mortgagee, being aware that a new loan could not be obtained
until its mortgage was released, demanded a bonus of $50 before
it would execute a release. Under the circumstances, this was
unjust. A mortgagee will not be permitted to force payment
of his mortgage under threat of foreclosure proceedings before
the mortgage is due and at the same time demand a bonus on his
investment before he will release his mortgage. Such conduct
is unconscionable and will not be sanctioned by the courts. This
principle was applied by this court in *Wagg v. Herbert,* 19 Okla.
525, 92 Pac. 250, in order to prevent a mortgagee from taking ad-
vantage of his duress and fraud in obtaining possession of an es-
crow deed.

In *Cazenove v. Cutler* 4 Metc. (Mass.) 246, the court held:

"If a mortgagee of land in Maine, who is in possession for
condition broken, require that the mortgagor or his assignee pay

more than is legally due, in order to redeem, and it is paid accordingly, for the purpose of preventing a foreclosure, it is such a compulsory payment as entitles the party, who so pays, to recover it back in an action, brought in this state, for money had and received."

In *Wagg v. Herbert, supra,* the action was for the cancellation of an escrow deed, possession of which had been obtained by the mortgagee through duress and fraud. This court held that the action could be maintained by the mortgagor upon the principal ground that the mortgagee had taken advantage of the mortgagor's necessities and by undue influence in this way had obtained possession of the escrow deed. In support of this principle, the court cites a number of cases in which the mortgagor had executed a release of his equity of redemption, and afterward brought suit for the cancellation of such release on the grounds that the mortgagee had taken advantage of the necessities of the mortgagor and had induced the execution of the release by duress and fraud.

The case of *Edrington v. Harper,* 3 J. J. Marsh. (Ky.) 355, 20 Am. Dec. 145, is quoted from by this court in the Wagg case, *supra,* as follows:

"A mortgagee in possession may take a release of equity of redemption. [Citing authorities.] But such a transaction is to be scrutinized, to see whether an undue advantage has been taken of the mortgagor. Especially is this necessary when the mortgagee, in the inception and throughout the whole conduct of the business, has shown himself ready and skillful to take advantage of the necessities of the borrower."

And, after a review of authorities on the question, the court said:

"It will thus be seen that the doctrine announced by the California courts is in full harmony with the doctrine announced by the Supreme Court of the United States in the case of *Russell v. Southard, supra* [12 How. 139, 13 L. Ed. 927], and in harmony with the views herein stated. It holds, as all the courts hold, that a mortgagee may purchase from the mortgagor, if the transaction is fair, honest and without fraud or undue influence, and where no unconscionable advantage is taken by

fraud of the relation existing between the mortgagor and mortgagee. But upon the issue of fraud, undue influence, and unconscionable advantage, the trial court found the issues in favor of the plaintiff and against the defendant, and such finding and judgment of the court upon the evidence adduced is conclusive upon this court, and there being ample evidence to sustain such finding and judgment."

Now the decisive question dealt with by this court in the Wagg case, and by other courts in cases cited in the opinion, was whether the mortgagee had taken advantage of the necessities of the mortgagor, and thus by duress or fraud forced him to deliver an escrow deed or deliver a conveyance which showed on its face to be a deed absolute, whereas in fact it was intended as a mortgage, or to execute a release of equity of redemption. There is no difference in law nor in principle in taking advantage of the necessities of the mortgagor and forcing him to deliver an escrow deed, or to execute a release of his equity of redemption, and in forcing him to pay a bonus in order to obtain a release of the mortgagee's lien against his premises, and this was the decisive question dealt with by the trial court in the case at bar. The mortgagee was not entitled to a bonus on his investment. He had become dissatisfied with his investment and had elected to declare the whole amount due, foreclose the mortgage, and get his money out of the investment; but, upon assurance from the mortgagor that she would pay the mortgagee all that could be recovered in a foreclosure proceeding, the foreclosure was averted. The mortgagor had no right thereafter to demand a bonus before the execution of the release of the mortgage. We find no reversible error in the record of the proceedings, and believe that, under the record and the law, the judgment of the trial court was correct.

It should, therefore, be affirmed.

By the Court: It is so ordered.