J. C. HOLMAN, V. J. HOLMAN AND WILLIE HALFORD, *Appellants*, v. E. H. HOLLIS, *Appellee.*

Division B.

Opinion Filed August 1, 1927.

*Carter & Solomon,* and *J. A. J. Hathaway,* Attorneys for Appellants;

*Daniel & Blake,* and *H. R. McClintock* (of Dothan, Ala.), Attorneys for Appellee.

BUFORD, J.—In this case there is no dispute of facts. J. C. Holman bought certain land from one Coy Hollis. Coy Hollis owed E. H. Hollis $2,500.00, the interest on which had been paid to November 1, 1925. As a part of the consideration for the land J. C. Holman and V. J. Holman on July 28, 1925, assumed the indebtedness from Coy Hollis to E. H. Hollis and thereupon made and executed five certain promissory notes, as follows:

> "1 note for $700, due Nov. 1, 1926;
> 1 note for $660, due Nov. 1, 1927;
> 1 note for $620, due Nov. 1, 1928;
> 1 note for $580, due Nov. 1, 1929;
> 1 note for $540, due Nov. 1, 1930,"

Each note included in the face thereof interest from Nov. 1, 1925, to the maturity date of the note, making the aggregate amount of the note $3,100.00, which are for the debt due, together with interest which was to accrue before the maturity of each note.

To secure the debt and the interest which would accrue, a mortgage was given by J. C. Holman and V. J. Holman

on the lands involved, in which mortgage the following language was embraced, to-wit:

"It is understood and agreed that should the mortgagors sell or dispose of the property herein conveyed as security, the whole.debt unpaid at that time shall immediately become due and payable and this mortgage shall immediately foreclosable."

Holman sold the land about the 1st of October, 1925, and notified Hollis of such sale. Hollis, on the 2nd day of October, 1925, wrote Holman as follows:

"Dothan, Ala., Oct. 2, 1925.

Mr. J. C. Holman,
Hartford, Ala.
Dear Mr. Holman:

Your having sold the Fla. land makes your Mtg. to me due the amount $2500.00 Principal $8.25 drawing and recording fee. Please remit accordingly.

Respectly,

E. H. HOLLIS."

and on the 17th day of October, 1925, delivered the notes and mortgage to the Bank of Hartford at Hartford, Alabama. On the 19th day of October, 1925, Holman tendered to the Bank of Hartford $2,500.00 principal and $8.25 drawing and recording fees, which the bank refused to accept. Then Holman on the 22nd day of October tendered the same amount to Hollis and Hollis refused to accept it, demanding payment of the full face of the notes. In the meantime Holman, on the 10th day of October, 1925, filed bill of complaint in the Circuit Court of the Ninth Judicial Circuit in and for Holmes County depositing therewith in the registry of the court the sum of $2,508.25 in full settlement and satisfaction of the debt secured by the mortgage and prayed cancellation of the mortgage. Hollis answered

and by way of affirmative relief prayed for a foreclosure of the mortgage for the full sum of $3,100.00 and attorney's fees. A decree was entered in favor of Hollis for the full sum of $3,100.00 and for the further sum of $300.00 attorney's fees and costs, which the said Holman was thereby required to pay and in default thereof that the mortgage be foreclosed and the lands described therein sold to satisfy such decree. From this decree appeal was taken to this Court.

We are mindful of the fact that the personal obligation sued on in this case is controlled by the laws of the State of Alabama, but we have found nothing in the laws of the State of Alabama or in the court decisions of that State which requires the decree rendered in this case. The acceleration clause under which payment of the full face of the notes is claimed has been quoted herein and it will be observed that this clause does not provide that "the full face of the notes unpaid at the time shall immediately become due and payable," but it provides that "the whole debt unpaid at the time shall immediately become due and payable." The question then is, "What was the debt?" The accepted definition of "debt" is: "That which is due from one person to another, whether money, goods or services; that which one person is bound to pay to another; a thing owed." The debt in this case was $2,500.00 and it was evidenced by five notes, each due on a future date and each being for the sum of $500.00 of the principal together with interest. The first note being for $700, maturing Nov. 1, 1926, was for $500 principal and $200 interest on the $2,500 for one year. The second note was for $660, representing $500 principal and $160 interest on $2,000 for one year. The third note was for $620, representing $500 for principal and $120 interest for one year on $1,500. The fourth note was for $580, representing $500

principal and $80 interest on $1,000 for one year, and the last note was for $540, representing $500 principal and $40 interest for one year.

Interest on the debt began to run from Nov. 1, 1925, and at the time the acceleration clause became effective by reason of the sale of the property no interest on the principal had been earned. No interest had been earned at the time the tender of the full amount of the debt assumed was made to the bank where the mortgage and notes had been deposited. Neither had any interest accrued when the full amount of the debt was tendered to Hollis nor when the bill of complaint was filed and the full amount of the debt was deposited in the registry of the court with a prayer for the cancellation of the mortgage.

In 19 Ruling Case Law, page 496, it is said:

"A stipulation in a mortgage given to secure a fixed sum representing the aggregate of the principal of a debt and the interest thereon for the period of the mortgage, that on default by the mortgagor in the performance of certain conditions the whole sum secured shall become due, will not be enforced except upon the cancellation of the unearned interest. Otherwise, the lender would recover interest beyond the time when his debt was repaid; and this would be unconscionable."

In Graham v. Fitts, 53 Fla. 1046, text 1054, the Court in construing an acceleration clause in a note there under consideration, said:

"The provision in the principal note that "if default be made in the payment or any interest note, or any portion thereof for the space of ten days after the same becomes due and payable, then all said principal and interest shall, at the option of said W. B. Fitts or the legal holder hereof, become due and payable without further notice," has reference to the amount of the principal note

and the interest due thereon at the time the option is acted on, and does not refer to the interest that would accrue subsequent to such time if no action were taken on the option, therefore the note is not in this respect usurious. The contract here does not provide directly or indirectly for the payment of a greater rate of interest than is allowed by law, and it is consequently not usurious.''

In the case of Graham v. Fitts, *supra,* the court had under consideration a series of notes, a part of which notes were for principal and the other part of which notes were for interest and it was provided that the notes for interest should bear interest after maturity. There is no difference in the principle involved and the law applicable to a case where the notes are made, one note for principal and a separate note for interest, and in a case where one note is made for principal plus interest to maturity date.

The case of Read v. Flaketown Graphite Co., Ala. 91 Sou. 258, is not in point with the case at bar. In that case there is no question of the mortgagor being required to pay unearned interest. Neither was this question presented in the case of Tidwell v. Wittmeier *et al.,* Ala. 43 Sou. 782. In that case there was no representation that interest had been figured on deferred payment and included in the notes. Here the fact is established both by the bill and by the answer and in this case the defendant sought by prayer for affirmative relief in his answer to require the mortgagor to pay him the sum of $600.00 unearned interest and to pay attorney's fees of $300.00, which the undisputed evidence shows accrued after the mortgagor had tendered the payment of the full amount of his debt. This claim and the relief sought we consider unconscionable and hold that it is not to be maintained in a court of equity. When a mortgagor shall have tendered the full amount of his principal due, together with lawful interest

on that debt as provided by the contract to the date of his tender and when such tender is made after maturity by acceleration or otherwise and the holder shall have demanded payment and before the mortgage is placed in the hands of an attorney for collection, he should be discharged from his obligations and the mortgage should be cancelled.

The decree of the chancellor is reversed with directions for the entry of a final decree not inconsistent with this opinion.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.