## REED v. BOAGNI. *
### No. 994.

Court of Appeal of Louisiana. First Circuit.
June 8, 1932.

*Rehearing granted June 30, 1932.

W. C. Perrault, of Opelousas, for appellant.

Dubuisson & Dubuisson, of Opelousas, for appellee.

ELLIOTT, J.

Amayze Reed, nee Guillory, claims of Edward M. Boagni the sum of $308.37, with legal interest from February 20, 1931, until paid, on the ground that it was interest exacted from her, which she did not justly owe; that $277.01 of the amount was an overcharge, but $31.36 is interest on interest.

She avers that she was in defendant's power and complied with his demands under protest in order to prevent the sacrifice of her property.

The defendant resists her demand. He alleges that the amount paid was not in excess of the interest that she owed to him under a contract of mortgage entered into between them; that she was not forced to pay the amount, but paid it voluntarily.

There was judgment in favor of the defendant rejecting plaintiff's demand. The plaintiff has appealed.

The defendant filed in the case an exception of no cause or right of action, which was by the court referred to the merits, and, in so far as concerns the appeal to this court, has passed out of the case.

The plaintiff filed a motion to have judgment entered up in her favor as confessed, but that is not urged in plaintiff's brief, and does not require any action on our part; the motion may therefore be looked on as having been abandoned.

The defendant filed an amended and supplemental answer, but the alternative demand contained in plaintiff's petition and put at issue in defendant's original answer is the only matter before us in the present appeal.

On the merits, the parties disagree very determinedly, and have briefed the case accordingly.

The plaintiff alleges that on November 21, 1930, she was indebted to the said Boagni, in connection with said mortgage in the sum of $19,600 in principal and $1,568 in interest; the aforesaid principal sum, including two matured notes, one for the principal sum of $2,200, being note No. 4 of the series, and the other for the principal sum of $2,400, being note No. 5 of the series; the balance of the mortgage indebtedness, viz. the sum of $15,000 being represented by the unmatured notes numbered 6 to 10, inclusive, of the series.

Defendant, answering this averment, admits the allegations of fact therein contained, as far as they go, but avers that she does not state all of the facts in connection with her indebtedness to him on November 21, 1930. He avers that, when note No. 4 for $2,200 matured on November 21, 1929, she, with his consent, elected to pay the interest thereon then due, and to allow the principal to run, until the next payment date, to wit, November 21, 1930. He denies that any of the interest paid him was usurious. The answer admits that the statement of facts contained in article 2 of the petition is true. The further statement made by defendant in answering does not alter the situation. It is therefore an established fact that on November 21, 1930, Mrs. Reed owed Mr. Boagni $19,600 in principal and the further sum of $1,568 as interest.

On February 20, 1931, the parties had a settlement as to all indebtedness which the plaintiff owed the defendant. The act of mortgage and the ten notes described in it, representing the debt which the plaintiff owed, all bear the same date, November 21, 1925. Each of the notes bore interest at the rate of 8 per cent. per annum from date until paid. The act of mortgage contains the following stipulation: "At any payment date, after 5 years of the date of the execution hereof, the said mortgagor, her heirs or assigns may pay the remaining part of the indebtedness hereby secured, either in whole or in part, but if in part only, then it must be paid in the sum of $100.00 or multiples thereof."

Therefore the question is: What further sum in interest did Mrs. Reed owe Mr. Boagni on February 20, 1931, which was the day of settlement, and that amount ascertained, if it appears that she paid him any further sum, not in discharging the principal

nor the stipulated interest, did there exist on her part a natural obligation toward defendant to pay him such further amount?

The act, after the expiration of five years from date, makes the 21st of November of each year "a payment date." The principal remaining due on November 21, 1930, could not be paid, under the stipulation in the act, until November 21, 1931, consequently defendant had a right to claim interest until then, and the interest at the same rate, on the same principal on the next payment date, was an additional sum of $1,568. Therefore under the agreement in the act of mortgage, Mrs. Reed owed Mr. Boagni on the day of settlement $3,136 in interest.

In claiming the above amount, the defendant was within his rights, but he demanded and exacted of plaintiff the further sum of $31.36.

■ This item is referred to in the opinion of the lower court as follows: "As to the $31.36 compound interest, the plaintiff having paid this amount, she can not recover same. It is now and has always been customary to pay this whenever demanded, it is just and equitable and founded upon a moral and equitable consideration."

Defendant contends that the lower court took the correct view of the matter.

A natural obligation is: "One which can not be enforced by action, but which is binding on the party who makes it, in conscience and according to natural justice." Civ. Code, art. 1757, subd. 2.

They are: "Such obligations as the law has rendered invalid for the want of certain forms or for some reason of general policy, but which are not of themselves immoral or unjust." Civ. Code, art. 1758, subd. 1.

The Code of Practice speaks of natural obligations as follows: "Those are natural obligations, for which the law gives no right of action; they arise on contracts, entered into by persons who, though possessed of sound discretion and judgment enabling them to make contracts, are nevertheless disqualified by law from contracting, as are the contracts of married women made without the authorization of their husbands." Code Prac., art. 17.

The law provides that what has been paid in fulfillment of a natural obligation cannot be recovered. Civil Code, art. 2303. Other articles in which it is provided that what has been paid in fulfillment of a natural obligation cannot be recovered are 1759, 1846, subd. 6, etc. Code Prac. art. 17.

"Interest upon interest cannot be recovered unless it be added to the principal, and by another contract made a new debt. * * *"

(Rev. Civ. Code, art. 1939, amended Act No. 161 of 1924).

We are satisfied from the evidence that Mrs. Reed never entered into any contract with Mr. Boagni which created on her part a natural obligation to pay him interest on interest. All that she freely agreed to pay him was the 8 per cent. per annum stipulated in the contract of mortgage, and, when he received that, he should not have exacted any more.

■ The evidence shows that plaintiff in settling with defendant was not on equal terms with him. She was in his power. He, by his agent, exacted of her $31.36 as interest. If she had not paid it there and then, he would not have surrendered to her agent the mortgage notes for cancellation, the surrender of which was necessary on the day of settlement, February 20, 1931, in order to enable plaintiff to consummate the transaction which she had entered into with the Prudential Insurance Company, which was advancing her the money to pay defendant, and thereby bring about the cancellation of the mortgage which he held on her property. If she had not complied with his demand at the time in question, the loan she had arranged for would not have been available, and it might have resulted in the sacrifice of her property in satisfaction of the amount she owed the defendant, and the sacrifice might not have ended with the mortgaged estate.

In such a situation the plaintiff had no choice except to pay the amount demanded and then bring an action to recover it, as she has done.

There is no custom which can avail the defendant in such a situation. The defendant argues that we should look at the matter in a different way, citing authorities. His argument has received our consideration, but we agree with the plaintiff on this subject.

"Except in the cases herein provided, if any persons shall pay on any contract a higher rate of interest than the above, as discount or otherwise, the same may be sued for and recovered within two years from the time of such payment. * * *" Civ. Code, art. 2924 (amended Act No. 68 of 1908). For these reasons the judgment appealed from is annulled, avoided, and set aside, and it is now ordered, adjudged, and decreed that the plaintiff, Mrs. Amayze Guillory, widow of Theogene Reed, have and recover judgment against Edward M. Boagni in the sum of $31.36, with legal interest thereon from February 20, 1931, until paid. In all other respects the judgment appealed from is affirmed. Defendant and appellee to pay the cost in both courts.