[Civ. No. 16440. Second Dist., Div. One. Apr. 27, 1949.]

CARL H. STEFFEN, Respondent, v. REFRIGERATION DISCOUNT CORPORATION (a Corporation), Appellant.

Sims & Wallbert and James H. Sims for Appellant.

Samuel Reisman for Respondent.

DOOLING, J. assigned.—Defendant appeals from a judgment in favor of plaintiff in the principal sum of $12,410.28 with interest thereon. The principal amount represents what the trial court found to be unearned interest on three promissory notes secured by mortgages paid to defendant by the plaintiff under duress.

Taking the three notes in their inverse chronological order as they are pleaded in the complaint, the evidence is without conflict that on or about October 1, 1943 plaintiff borrowed $60,000 from defendant; that interest at 4 per cent per annum for four years was calculated on the sum borrowed, amounting to $9,600, and a promissory note given by plaintiff to defend-

ant for the combined amounts of the principal and interest so calculated, i. e., in the principal sum of $69,600 payable in monthly instalments of $1,450 or more. This promissory note was secured by a mortgage on a parcel of real property and by a chattel mortgage.

In similar fashion on September 27, 1943, plaintiff borrowed from defendant the sum of $10,000, interest was calculated on this sum at 4 per cent per annum for four years in the amount of $1,600 and a promissory note given for the aggregate sum of principal and interest, i. e., in the principal sum of $11,600 payable in monthly instalments of $241.67 or more. This note was secured by a mortgage on a second parcel of real property.

On August 27, 1943 plaintiff borrowed $30,000 from defendant at 5 per cent per annum calculated for four years, and gave his promissory note for $36,000, the aggregate of principal and interest so calculated, payable in monthly instalments of $750 or more. This note was secured by a mortgage on a third parcel of real property.

All three notes contained a provision that in case of default in the payment of any instalment the whole sum of principal and interest should become due at the option of the holder. Plaintiff fell into arrears and defendant taking advantage of these acceleration provisions declared the full amounts of the three notes to be due and payable. Faced with the threat of foreclosure of the security for all three notes plaintiff arranged to sell the parcel of real property securing the promissory note for $69,600 and opened an escrow for the purpose, among others, of paying off the balance due on that note from the purchase price deposited in the escrow and thereby securing a release from defendant of the mortgage. Defendant demanded the full balance due on the face of the note without any allowance for unearned interest and this was paid by the escrow holder.

Plaintiff also arranged to refinance the other two promissory notes and opened an escrow for each into which the new lender deposited the amount of his loan. Defendant in each of these cases likewise demanded the full balance without allowance for unearned interest before it would release the mortgages and these amounts were paid to it.

The trial court found that in each case the unearned interest was paid under duress. The evidence sufficiently supports this finding. Under the modern relaxation of the harsh common law rules relating to duress, foreshadowed in this

state in *Oswald* v. *City of El Centro,* 211 Cal. 45 [292 P. 1073, 71 A.L.R. 899] and explicitly stated in *Young* v. *Hoagland,* 212 Cal. 426 [208 P. 996, 75 A.L.R. 654], we have no doubt that the evidence supports the conclusion of the trial court that the amounts of unearned interest paid to defendant to secure the releases of the three mortgages on plaintiff's three parcels of property were paid under duress or what is called in some of the cases "illegal business compulsion." (*Millsap* v. *National Funding Corp.,* 57 Cal.App.2d 772, 780 [135 P.2d 407].)

Plaintiff was threatened with foreclosure and the loss of the mortgaged properties. He could only sell or refinance if as a contemporaneous part of one entire escrow transaction in each case he could secure a release of the mortgage involved in that transaction. The case falls exactly within the language of the court in *LaTelle* v. *American Trust Co.,* 64 Cal.App.2d 830, 834 [149 P.2d 385]:

"There can be no doubt that Wilbe was entitled to a cancellation of the deed of trust upon payment of the amount actually owed the bank. The bank erroneously compelled him to make an overpayment. This overpayment was an involuntary one made under business compulsion in order that Wilbe would not lose his sale of the property. Under elementary principles such involuntary over payment may be recovered."

Appellant attempts to persuade us that the quoted language is an ill-considered dictum. It concerned the very sum involved in the action in the LaTelle case, and it accords with the conclusion of the courts of other jurisdictions that the requirement of an overpayment by the mortgagee in order to secure the release of a mortgage is actionable duress. (*Union Cent. Life Ins. Co.* v. *Erwin,* 44 Okla. 768 [145 P. 1125]; *First Nat. Bank* v. *Sargeant,* 65 Neb. 594 [91 N.W. 595, 59 L.R.A. 296]; *Kilpatrick* v. *Germania Life Ins. Co.,* 183 N.Y. 163 [75 N.E. 1124, 111 Am.St.Rep. 722, 2 L.R.A.N.S. 574]; *Reed* v. *Boagni,* (La.App.) 142 So. 171; *Fout* v. *Giraldin,* 64 Mo.App. 165; 5 Williston on Contracts (rev. ed.) § 1618, p. 4522; and *cf., Rowland* v. *Watson,* 4 Cal.App. 476 [88 P. 495]; *Ezmirlian* v. *Otto,* 139 Cal.App. 486 [34 P.2d 774].)

■ Appellant insists that the evidence did not show the time within which the three transactions were required to be closed and that respondent might have litigated the question of the amounts due to appellant before making the payments. The sale or refinancing of mortgaged property to pay off the existing mortgage where foreclosure is threatened is, under

the most favorable circumstances, a delicate matter. The debtor mortgagor operating under the probable loss of his property is in no position to take unnecessary risks by engaging in protracted litigation over the amount due to the mortgagee who is threatening to foreclose. Unless he makes the sale or refinances the loan he will lose his property by foreclosure even though he succeeds in reducing the amount of the judgment. He must sell or refinance to save his property and he can only sell or refinance if as a part of the same transaction he secures a satisfaction of the existing mortgage.

The action in the instant case was commenced by the filing of a complaint in April 1946 and two years later the litigation is still pending in the courts. It is highly unlikely that a prospective purchaser or lender would have patiently waited for more than two years while respondent was litigating with appellant. The test of duress is, at its harshest, what would have influenced the conduct of a reasonable man (*Young* v. *Hoagland, supra,* 212 Cal. 426, 431) and many courts have relaxed the rule to make the test the state of mind induced in the particular person (17 Am.Jur., Duress and Undue Influence, § 11, pp. 883-885). Taking the harsher test of the effect on the mind of the average reasonable man we cannot say that the evidence does not support the court's finding that the overpayments herein recovered were made under duress. Whether the individual acted as a reasonably prudent person is ordinarily a question for the trier of the facts. (*Young* v. *Hoagland, supra,* 212 Cal. 426, 431-432.)

 In suing to recover the unearned interest respondent relies on the principle thus stated in 36 American Jurisprudence, Mortgages, section 386, page 882:

"On the ground that the retention of unearned interest beyond the time of the payment of the debt would be unconscionable, it has also been held that the remittance of such unearned interest is a requisite for the enforcement of an acceleration clause. Thus, it has been held that a stipulation in a mortgage given to secure a fixed sum representing the aggregate of the principal of a debt and the interest thereon for the period of the mortgage, that on default by the mortgagor in the performance of certain conditions the whole sum secured shall become due, will not be enforced except upon the cancelation of the unearned interest."

The second sentence of the above quotation is exactly our case. The rule therein announced is supported by *Williams' Heirs* v. *Douglass,* 47 La.Ann. 1277 [17 So. 805]; *Unity Plan*

*Finance Co.* v. *Green,* 179 La. 1070 [155 So. 900, 904-905];
*Cissna Loan Co.* v. *Gawley,* 87 Wash. 438 [151 P. 792, 794,
Ann.Cas. 1917D 722, L.R.A. 1916B 807]; *Holman* v. *Hollis,*
94 Fla. 614 [114 So. 254]; and *cf., Dugan* v. *Lewis,* 79 Tex.
246 [14 S.W. 1024, 23 Am.St.Rep. 332, 12 L.R.A. 93].

■ Appellant cites no cases to the contrary but it insists
that the notes are unambiguous on their face, do not show that
any interest was included in the principal and the evidence
to the contrary is therefore violative of the parol evidence
rule. We cannot agree that the notes are unambiguous. They
all provide for payments of stated instalments monthly ''or
more.'' The ''or more'' provision is apparently without pur-
pose unless by the payment of a larger sum than the stated
amount the respondent could thereby stop the running of
interest on the overpayment. (See *Kenney* v. *Los Feliz In-
vestment Co., Ltd.,* 121 Cal.App. 378 [9 P.2d 225].) The first
note while providing in terms for no interest except on prin-
cipal unpaid at maturity provides: ''principal and interest
payable in installments of Fourteen Hundred and Fifty Dol-
lars or more on the 1st day of each calendar month . . . and
continuing until said principal and interest have been paid.''
The question at once arises what ''interest''? All three notes
contain substantially the same provision for acceleration. We
quote from the first note: ''Should default be made in pay-
ment of any installment when due the whole sum of principal
and interest shall become immediately due at the option of
the holder of this note''; from the second: ''Should default
be made in payment of any installment of principal or interest
when due, the whole sum of principal and interest shall be-
come immediately due at the option of the holder''; and from
the third note: ''Should default be made in payment of any
installment of principal and interest when due the whole sum
of principal and interest shall become immediately due etc.''
The question suggests itself in each case what ''interest,''
since each note only provides for the payment of interest on
unpaid principal from maturity. We are satisfied that each
note is ambiguous on its face so as to admit parol evidence to
explain it.

■ The complaint was in four counts, a separate count
pleading the facts as to each note and its payment, and a
common count purporting to embrace all three transactions.
In no count were the facts found by the court to constitute
duress pleaded. In this respect the three counts which pleaded
the facts of the three transactions were defective in not plead-

ing duress. Respondent attempts to rely on the common count as stating a cause of action but he cannot well do so in view of the settled rule that where a common count is joined with another count or other counts and refers to the same transaction or transactions if the other counts do not state a cause of action the common count must fall with them. (*Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484, 489 [110 P.2d 396]; *Spencer* v. *Crocker First Nat. Bank*, 86 Cal.App.2d 397, 406 [194 P.2d 775]; *Modlin* v. *Walter's Fur Shop*, 83 Cal.App.2d 384, 390 [188 P.2d 805].)

However the failure of the complaint to state a cause of action is not fatal to the judgment in the absence of prejudice to appellant. The findings support the judgment and the evidence supports the findings on the matter of duress. At the trial the appellant was advised that counsel for the respondent was relying on duress or business compulsion and *Young* v. *Hoagland, supra,* and *LaTelle* v. *American Trust Co., supra,* were cited to the court. The facts on which duress was found were not only not disputed but were admitted by counsel for appellant. Under these circumstances the rule announced in *Baker* v. *Miller,* 190 Cal. 263, 267-268 [212 P. 11]; *Bonney* v. *Petty,* 125 Cal.App. 527, 530 [13 P.2d 969]; and *Ades* v. *Brush,* 66 Cal.App.2d 436, 444 [152 P.2d 519] is properly applicable, that when the case has been fully tried and no prejudice to the appellant from the failure of the complaint to state a cause of action appears the case should not be reversed because of a defect in the pleadings. (Const., art. VI, § 4½.) The facts were fully developed on the trial, the appellant was not misled but was fully advised of respondent's theory of duress and no purpose would be served by a reversal when after proper amendment to the complaint the same judgment might be expected.

Judgment affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied May 18, 1949, and appellant's petition for a hearing by the Supreme Court was denied June 23, 1949.