McCORD, Chief Judge.
This appeal is from a summary final judgment ruling that appellee is not liable for certain documentary stamp taxes assessed by appellant on a promissory note. We affirm.
Appellee loaned certain parties the principal sum of $11,700 and took a promissory note which recited in pertinent part as follows:
“For value received, the undersigned (and if more than one, each of them jointly and severally) promise to pay to the order of NORTH PORT BANK, North Port Charlotte, Florida, the sum of Twenty *464 Thousand One Hundred Twenty Seven and 60/100 DOLLARS (TOTAL OF PAYMENTS), payable in 180 monthly installments of $111.82 each, on the 1st day of each successive month commencing on April 1, 1973 ...”
The note further provided that all payments thereunder shall be credited first to interest and lawful charges then accrued and the remainder to principal. It sets forth that the amount of the note includes the amount financed — $11,700-plus a finance charge of $8,427.60 and that this results in an annual percentage rate of 8%. It further states:
“The undersigned has the right to prepay this loan in full and obtain a refund of the unearned portion of the finance charge computed under the ‘Sum of the Digits’ method.”
Appellant contends that documentary stamp tax must be paid upon $20,127.60 and appellee contends that such tax is only payable on $11,700, the principal amount of the loan. We agree with appellee’s contention.
The statute governing this question is § 201.08(1), Florida Statutes (1973), and it reads in pertinent part as follows:
“On promissory notes, ... on each one hundred dollars of the indebtedness or obligation evidenced thereby, the tax shall be fifteen cents on each one hundred dollars or fraction thereof. . . ”
(Emphasis supplied.)
The borrower’s only absolute obligation or indebtedness at the time he signs such a note is for principal and not for unearned interest. He is, of course, obligated to subsequently pay the interest as it accrues but only as it accrues. If he were to exercise his option to pay the note before maturity, he would only be obligated to pay the principal indebtedness and a portion of the interest depending upon how long the loan had been outstanding. The bank could not recover unearned interest. See Holman v. Hollis, 94 Fla. 614, 114 So. 254 (1927). The bank’s right to receive interest on the unpaid principal balance is contingent and, therefore, not taxable. See DeVore v. Lee, 158 Fla. 608, 30 So.2d 924 (1947).
Appellant draws a distinction between the note here under consideration and a note for a stated principal sum in which the payor promises to pay interest on the principal sum until the note is paid in full and to make stated equal periodic payments, such payments to be applied first to interest on the unpaid balance and then to principal, until the note is paid in full, with the privilege of prepayment. Appellant has consistently (and correctly) construed the law to require that documentary stamp tax be paid only on the principal amount of such a note. Insofar as the obligation for documentary stamp tax is concerned, there is no material difference between such a note and the note here before the court. In both instances, the payor promises to pay both the principal amount of the note and interest during the term thereof. In both instances the payment of principal is the only absolute obligation, the payment of interest being contingent.
By previous order we held in abeyance appellant’s motion to strike the statement of facts and the appendix to the brief of the amicus curiae until final consideration of the case. Said motion is now granted.
AFFIRMED.
BOYER and MILLS, JJ., concur.'