# CASES

# SUPREME JUDICIAL COURT,

---

## JOSEPH CHAMBERLAIN *vs.* GEORGE REED.

In an action between the owner of goods shipped on board a vessel on freight, and the master of the vessel, an adjustment and general average of a loss, made on the protest and representation of the master, does not preclude the owner from showing, that they are not liable to contribution because the loss was occasioned by the culpable negligence or want of skill of the master.

The master has a lien on goods shipped on freight, *liable to contribution,* on an adjustment of general average.

Where money has been paid by the shipper of goods on freight to liberate his goods, detained by the master to enforce the payment of a groundless claim, it may be recovered back.

If the goods be released on the written promise of an agent of the owner to pay the amount; and if the agent, instead of resisting payment, pay according to such promise; this does not prevent the recovery of the money back.

THIS was an action of *assumpsit* for money had and received to recover $115,00, paid by the plaintiff to defendant on the 8th *Dec.* 1832, for the balance of an adjustment made at *Boston,* by *Z. Cook,* a ship-broker, of general average and for specific charges on plaintiff's property on board the schooner *Jane,* of *Boston,* of which defendant was master, and which had sustained damage and incurred expenses in unloading and reloading the cargo in *Gouldsborough* harbor. The money was paid at *New-Haven,* the port of discharge, under circumstances, which sufficiently appear in the opinion of the Court. It was admitted by the counsel for the plaintiff that the adjustment, though it was

made wholly on the defendant's representation, and without plaintiff's knowledge, was correctly made, and the sum apportioned upon plaintiff's property was right in principle, provided that this was a proper case for average, and provided the cargo was liable for any sum whatever ; but he contended that it was not ; and he proposed to prove that the damage, which took place on the 23d day of *Sept.* was occasioned by the culpable negligence or want of skill of the defendant.   This was objected to by the counsel for defendant on the ground, that the adjustment was conclusive on the plaintiff.   With a view to settle the facts in the case, and for the purposes of the trial, *Weston C. J.* presiding at the trial, overruled the objection, and the evidence was admitted.   It was proved, that a protest was duly entered at the place of plaintiff's residence by defendant soon after the injury ; that plaintiff was at *Gouldsborough* several times before the vessel was refitted ; and defendant offered evidence tending to prove, that plaintiff knew all the circumstances under which the injury arose ;  and the defendant's counsel requested the Court to instruct the jury, that if they should find that plaintiff knew all the circumstances attending the accident, and he or his agent paid the claim of *Reed* with such knowledge, he could not reclaim it in this action.

2. That what plaintiff knew he must be presumed to have made known to his agent, and if he would object to his paying the claim, he ought to have notified him, and to have informed defendant of the nature of his objection.

But the Chief Justice declined giving these instructions.

If the ruling was correct, and the instructions requested were properly withheld, the verdict, which was found for the plaintiff, was to stand, unless set aside on the defendant's motion for a new trial, as a verdict against evidence.

*F. Allen,* for the defendant.

1. The adjustment was conclusive, and the evidence objected to was improperly admitted.   It was made by a ship-broker, and assented to by the plaintiff's agent, the master of the vessel. This adjustment, having been made in a different State, is to be considered as made in a foreign port.   *Lewis* v. *Williams,* 1 *Hall's Rep.* 430 ; *Strong* v. *U. Ins. Co.* 11 *Johns. R.* 323.

2. The instructions requested by the defendant should have been given.

Where money is paid without compulsion or duress, it cannot be recovered back. This was a voluntary payment at the time it was made. He had already received his cargo, giving only an obligation to pay the amount of the average. If the plaintiff was not compellable by law to pay the average, the obligation was without consideration and could not be enforced. The plaintiff then had an opportunity to defend against the claim made; he knew of its existence, and paid it with a knowledge of all the circumstances. There was no mistake of the facts, and money paid cannot be recovered back for a mistake in law. *Shaw* v. *Woodcock,* 7 *Barn. & C.* 73; *Mowatt* v. *Reed,* 1 *Wend.* 355; *Chitty on Bills.* 173.

*Mellen,* for the plaintiff.

In this case, the defendant had the property of the plaintiff in his hands and wrongfully and illegally detained the same, and refused to give it up, until the amount claimed in this action was paid. It is a case of coercion, where money paid may be recovered back. It is not necessary, that the plaintiff should have resorted to an action of replevin to obtain his property, but is at liberty to pay an unjust demand set up, in order to release his property, and may recover it back. *Dwinal* v. *Chase,* 7 *Greenl.* 134; 4 *T. R.* 485; *Douglas' R.* 696; 2 *Strange,* 915; 1 *Dane,* 180; *Cowper,* 200; 2 *Esp. R.* 723; *ibid.* 546, *and note.*

The giving of his own obligation to pay the sum demanded, to release the plaintiff's property by the agent, was a payment to the defendant. It gave the agent a claim on the plaintiff as so much paid to obtain the property, and between the parties to this suit it is immaterial, whether the payment was in gold, or silver coin, bank bills, or notes, or obligations of individuals.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — We are satisfied with the adjustment made by the broker of the general average, and of the specific charges upon the deck-load; and that if no charge of negligence or want of skill was justly imputable to the master, the adjustment was warranted by the facts, upon which it was made. And upon the

same assumption only can it be conclusive upon the plaintiff, and upon all concerned. If it were otherwise, as the adjustment was procured by the master, without the assent or privity of the other parties, upon the protest and other evidence furnished by him, he would escape all responsibility, however gross might have been his negligence, or palpable his want of requisite skill. The papers submitted to the broker, disclose no failure of duty in the master. It was a point not submitted to his consideration; and most extraordinary would it be, if the result to which he came, upon facts which he received from the master, should close the door to all liability on his part to those, who had confided their property to his care.

The jury have found that the loss, a part of which was visited upon the plaintiff, was occasioned by negligence or want of skill in the defendant. It is very manifest, this being ascertained, that he had no just cause to receive the money, sought to be reclaimed in this action. It is however insisted, that this action ought not to prevail, the plaintiff having a full knowledge of all the circumstances, and the money being *voluntarily* paid by his agent. A question then arises, was this a voluntary payment?

In *Chase* v. *Dwinal,* 7 *Greenl.* 134, it was decided, upon an examination of the authorities, that a payment made under a moral compulsion, to obtain property improperly detained, was not voluntary. The same principle is distinctly laid down in the case of *Shaw* v. *Woodcock,* 7 *Barn. & Cress.* 73, cited for the defendant. The master has a lien upon goods liable for contribution, on an adjustment of general average. Accordingly the defendant in this case refused to deliver the plaintiff's lumber to his agent, until his claim was satisfied. In this he would have been justified, but for the facts now settled by the jury. The agent, protesting that the demand was unjust, and notifying the defendant that the money would be reclaimed, finding that he could not otherwise liberate the lumber, agreed to pay the sum required, and having given a writing to this effect, paid the money after the lumber was delivered. Payment made under these circumstances, we cannot regard as voluntary. It is contended, that the agent having got the lumber, should have withheld the money. We cannot admit that such a breach of faith became

a legal duty, necessary for the protection of the rights of his principal. The moral compulsion was still upon him; and the subsequent payment can, in no fair and just sense, be pronounced voluntary. We are of opinion therefore, that the instructions requested were properly withheld.

The testimony in the case is somewhat conflicting; but the jury have passed upon it. It is their province ; and we perceive no sufficient reason for the interference of the Court.

*Judgment on the verdict.*