[No. 19358.   In Bank.—December 29, 1894.]

M. F. BURKE, RESPONDENT, v. G. H. GOULD, APPELLANT.

RECOVERY OF MONEY PAID—MISTAKE OF FACT—VOLUNTARY PAYMENT WITH KNOWLEDGE OF FACTS.—Where money is paid voluntarily, with knowledge of the facts concerning a mistake under which the sum was paid, and without protest or objection, no recovery can be had upon the ground that the money was paid by mistake.

ID.—DURESS OF PROPERTY—THREAT TO FORECLOSE MORTGAGE—CONVEYANCE TO MORTGAGEE—REPURCHASE—VOLUNTARY PAYMENT.—Although money paid to prevent the unlawful taking of property may be recovered back upon the theory of moral duress, based upon an unlawful act of the defendant, yet this rule does not apply where no unlawful act was committed by the defendant; and where the only act threatened was the exercise of a right conferred by law upon defendant as a mortgagee to foreclose the mortgage in the usual way, resulting in a conveyance by the mortgagor of all the mortgaged property to the mortgagee, upon an agreement for a repurchase, a voluntary payment upon and repurchase of a specified amount larger than the aggregate of principal and interest intended to be included as the price at which the property

was to be repurchased, made with full knowledge of all the facts, and without protest, cannot be recovered.

ID.—FEAR THAT DEFENDANT WILL LEAVE STATE—TENDER OF PERFORM-
ANCE.—A voluntary payment, with knowledge of the facts, is not excused by the fact that plaintiff thought that defendant was about to leave the state to avoid a reconveyance of the property, since plaintiff had only to tender performance to conserve all his legal rights.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial.

The facts are stated in the opinion.

*G. H. Gould, in pro. per., C. F. Carrier,* and *R. B. Carpenter,* for Appellant.

*B. F. Thomas,* for Respondent.

The plaintiff was compelled to pay the money sought to be recovered back under duress, and is entitled to recover it back. (*Meek* v. *McClure,* 49 Cal. 625; *Martin* v. *Quinn,* 37 Cal. 57; *Cazenove* v. *Cutler,* 4 Met. 246.) Even if it had not been paid under duress, still the plaintiff is entitled to recover if more money was paid to the defendant than was due him. (*Quimby* v. *Lyon,* 63 Cal. 394; *Harmony* v. *Bingham,* 12 N. Y. 99; 62 Am. Dec. 142; *Alston* v. *Durant,* 2 Strob. 257; 49 Am. Dec. 596.) The fact that the money was paid without protest is immaterial. (6 Am. & Eng. Ency. of Law, 84; *Meek* v. *McClure,* 49 Cal. 624; *Adams* v. *Schiffer,* 11 Col. 15; 7 Am. St. Rep. 207; *Scholey* v. *Mumford,* 60 N. Y. 498; *McPherson* v. *Cox,* 86 N. Y. 472; *Talmage* v. *Third Nat. Bank,* 91 N. Y. 536; *Briggs* v. *Boyd,* 56 N. Y. 292.)

SEARLS, C.—This is an action to recover from defendant $679.78, alleged to have been paid to him by plaintiff, under duress of the property of said plaintiff.

Plaintiff had a verdict for $652.48, upon which judgment was entered. The appeal is by defendant from the judgment and from an order denying his motion for a new trial.

On the twenty-first day of February, 1890, plaintiff

executed to defendant and Mary M. Barnes a mortgage upon certain real property situate in the county of Santa Barbara, to secure the payment of two certain promissory notes aggregating $17,000, payable one year after date, with interest at 10½ per cent per annum, interest payable semi-annually, and if not so paid to be added to principal and draw like interest.

No interest was paid upon the notes, and at their maturity plaintiff was unable to pay, and defendant was about to foreclose, when, by an agreement, plaintiff, on the ninth day of March, 1891, conveyed all the mortgaged property to defendant, whereupon the latter executed an agreement to one R. J. Broughton, a friend of the plaintiff, whereby he agreed and bound himself upon the payment to him of $20,500 on or before September 1, 1891, to convey to said Broughton or his assigns all of said property so mortgaged and so conveyed to him, the said defendant.

Plaintiff found a purchaser for the most of the property, who paid to defendant said sum of $20,500, whereupon and on the twenty-fifth day of August, 1891, the latter conveyed the property so purchased to the purchaser, and the residue, consisting of one hundred acres and certain town lots, to the plaintiff.

The notes and mortgage were surrendered to plaintiff for cancellation upon his conveyance to the defendant.

The sum of $20,500 mentioned in the agreement and paid to defendant was in excess of the sum which would have been due to him as principal and interest on the mortgage up to September 1, 1891, by at least the amount of the verdict, viz., $652.48, but was less by perhaps $1,000, more or less, than plaintiff would have been compelled to pay to redeem had a foreclosure and sale occurred, with the costs thereof and a counsel fee of five per cent as provided in the mortgage.

The main question in dispute at the trial related to this sum of $20,500 mentioned in the agreement.

Plaintiff testified that he was told by defendant or his attorney, or by both, that it represented the principal

and interest which would be due at the rate prescribed in the notes on the 1st of September, 1891, and that being extremely busy as a public officer, viz., as tax-collector of the county, he had no time to compute the interest, and trusted to defendant, and his counsel to do so. That a few days after the papers were executed he made the computation and had others make it, and found it was wrong; and, in substance, that he there-after refrained from protesting, and consented to the payment of the sum named to defendant, because he was pecuniarily involved, and feared defendant, should he raise objections, would defeat his attempts to sell the property, and he would thereby lose it all.

The agreement as originally drawn is conceded to have mentioned the sum of $20,820 as the considera-tion to be paid to defendant, but, upon objection by plaintiff, that sum was stricken out and $20,500 inserted.

It is thought the weight of testimony was to the effect that $20,500 was an arbitrary sum at which defendant was willing to take the deed and agree to convey, and which was agreed to by the parties plaintiff and defend-ant, but the jury having found in consonance with the theory of plaintiff, and there being a substantial conflict in the evidence, we are bound in favor of the verdict to assume plaintiff's theory as proven.

Two propositions are presented in the case: 1. Can plaintiff recover upon the ground that the money was paid by mistake? 2. Do the facts presented establish such a case of duress as entitled plaintiff to recover?

The first proposition demands but brief notice. That money paid under mistake of a material fact and with-out consideration can be recovered back is well settled. In the present instance, however, it was not so paid.

Whatever the belief of the plaintiff may have been when the agreement between defendant and Broughton was made it is rendered certain by his own uncon-tradicted testimony that he became aware of the mis-take in the sum mentioned in the agreement very shortly thereafter, and for nearly six months before

payment was made was cognizant of all the facts bearing thereon; yet he permitted the money to be paid in his interest and on the contract made for his benefit without protest or objection.

Against this voluntary payment with knowledge of the facts no recovery can be had.  (Keener on Quasi Contracts, c. 2, and cases there cited.)

The second proposition involves more serious considerations.  Money paid to prevent the unlawful taking or detention of property may be recovered back.

The doctrine is an equitable one, and is founded upon the theory of the moral duress not justified by law.

"When such duress is exerted under circumstances sufficient to influence the apprehensions and conduct of a prudent business man, payment of money wrongfully induced thereby ought not to be regarded as voluntary. But the circumstances of the case are always to be taken into consideration."   (Bradley, J., in *Robertson* v. *Frank Brothers Co.*, 132 U. S. 17.)

The case holds in substance that a plaintiff who added additional charges to the cost of goods, thereby involving a payment of increased duties, and paid the same to avoid a penalty which the custom officials threatened to enforce if he did not add such additional charges, could recover the amount of the increased duties which had been paid under protest.

So in *Hills* v. *Street*, 5 Bing. 37, it was held that the plaintiff who paid to the defendant a sum of money to prevent a wrongful removal and sale of his goods under a distraint, could recover the money so paid.  (*Hooper* v. *Mayor etc.* 56 L. J. Q. B. 457; *Chamberlain* v. *Reed*, 13 Me. 357; 29 Am. Dec. 506; *Astley* v. *Reynolds*, 2 Strob. 915; *Briggs* v. *Boyd*, 56 N. Y. 289; *Buford* v. *Lonergan*, 6 Utah, 301; *Scholey* v. *Mumford*, 60 N. Y. 498.)

In *Close* v. *Phipps*, 7 Man. & G. 586, a mortgagee, who had caused the mortgaged property to be advertised for sale under a power in the mortgage, refused to stop the sale or deliver up the deeds, upon tender of

the amount due on the mortgage, unless some $451 illegally added was paid. Payment was made under protest, and the court held that a recovery could be had in an action for money had and received.

Cases might be multiplied indefinitely to the same effect, but the foregoing are deemed sufficient.

The underlying principle of them all is that, by the performance or threat to perform some unlawful act whereby plaintiff will suffer loss, the defendant has induced the plaintiff, under circumstances sufficient to control the action of a reasonable man, to pay money which he would not otherwise have paid.

Keeping in mind this principle, which is applicable alike to cases where money or other valuable thing is extorted, as in cases: 1. To prevent the wrongful taking or detention of property; 2. To avoid injury to business; 3. In performance of a usurious contract; 4. To induce a defendant, as in case of a public officer, to discharge his duty; 5. To avoid arrest or to be released therefrom—and it will be seen that the unlawful act of the defendant is the keynote to the whole doctrine. (See Keener on Quasi Contracts, c, 11.)

This being so beyond a peradventure, it is not perceived how plaintiff can be entitled to recover in the present case.

All that defendant threatened or was about to do was to foreclose in the usual way his mortgage which plaintiff had executed, and which was overdue.

This was not an *unlawful act*. It was the exercise of a right which the law conferred upon him, and was neither in law or morals reprehensible.

In *Buck* v. *Axt*, 85 Ind. 512, which was an action to foreclose a mortgage executed by Buck and wife to secure an antecedent debt owing by the husband, the wife pleaded duress and averred she executed the mortgage under a threat that if she refused "they would sell her out of house and home, and Frazier would prosecute her at once."

The court, in holding the allegation of duress insuffi-

cient, said: "The threats alleged were not such as to constitute duress. The evident meaning of the threats used was that Frazier would at once seek his legal remedies against her and her husband, and so sell them out of house and home; and if more than this was meant the facts should have been alleged to show it." (See, also, *Kohler* v. *Wells, Fargo & Co.*, 26 Cal. 606.)

The whole question is in a nutshell. To pursue or threaten to pursue the usual legal steps for the collection of a debt in the manner provided by law does not constitute duress of property. According to plaintiff's own testimony this was all that was proposed or hinted at here.

Thereupon, according to his testimony, he proposed to convey all the mortgaged property to defendant, and take back an agreement to repurchase, upon paying the principal and interest by September 1st. In such agreement, by mistake, as he understood it (but as he admits defendant did not so understand it), an amount larger than the aggregate of principal and interest was included as the price at which it was to be repurchased.

He afterward, with full knowledge of all the facts, caused the full amount to be paid without protest. By so doing he ratified the agreement, and, as before stated, the payment became voluntary and cannot be recovered. (*Kohler* v. *Wells, Fargo & Co.*, 26 Cal. 606.) The excuse that plaintiff thought defendant was about to leave the state to avoid the conveyance is without merit. He had agreed to convey the property, and, had he in fact sought to evade the agreement, plaintiff had only to tender performance to conserve all his legal rights.

It follows that the motion for a nonsuit should have been granted, and that the verdict is not supported by evidence, and the judgment is against law.

The judgment and order denying a new trial should be reversed and a new trial had.

Temple, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed, and a new trial granted.

Harrison, J.,    De Haven, J.,
Van Fleet, J.,   McFarland, J.,
                Garoutte, J.

Rehearing denied.