[Civ. No. 8005. First Appellate District, Division Two.—November 3, 1931.]

WAKE DEVELOPMENT COMPANY (a Corporation), Respondent, v. VERA F. O'LEARY, Appellant.

Ingall W. Bull and Harold Larson for Appellant.

Charles C. Montgomery for Respondent.

SPENCE, J.—Plaintiff brought this action to recover the sum of $3,000 alleged to have been paid to defendant under compulsion. From a judgment in favor of plaintiff, defendant appeals.

The plaintiff corporation was the owner of a certain tract of land and had negotiated an advantageous sale of a portion of the tract. While the purchase money was in escrow defendant levied execution upon the entire tract based upon

a judgment against one J. M. Danziger. The purchaser threatened to cancel the contract unless the property was released from the levy. Plaintiff immediately brought a suit against defendant and the sheriff making the levy, seeking to enjoin the sale under execution and to quiet title to said property. While said suit was pending, plaintiff, in order to prevent the loss of the sale to the purchaser, was compelled to pay to defendant the sum of $3,000 to obtain a partial release. Subsequently the suit was tried and plaintiff obtained the injunction and decree quieting its title to the property. Among other things the court found in that suit that plaintiff was the owner of the premises and that defendant's judgment debtor, J. M. Danziger, did not at any time have any right, title or interest in the premises. Plaintiff subsequently brought this action seeking to recover the $3,000 paid to the defendant. The complaint alleged all of the foregoing facts. It further alleged that defendant caused said execution to be levied with full knowledge of the facts and with intent to abuse the process of the court and to cloud plaintiff's title. Then followed allegations that the exaction of the $3,000 "was without right on the part of defendant and was obtained by fraud, undue influence and oppression and with malice". The trial court's findings were in favor of plaintiff and included a finding "that the exaction of the said sum of three thousand dollars was without right on the part of the defendant and that plaintiff paid same under compulsion and to save financial loss to plaintiff". No findings were made with respect to the allegations of fraud, undue influence or malice. Upon these findings judgment was entered in favor of plaintiff for the sum of $3,000 together with interest.

On this appeal it is contended that the evidence is insufficient to support the judgment and that the trial court failed to find on material issues. ▋ In support of these contentions appellant states that this action is one to recover damages for an alleged malicious levy of execution and from this premise appellant concludes that it was necessary for respondent to allege and prove both malice and want of probable cause, citing *Vesper* v. *Crane Co.*, 165 Cal. 36 [L. R. A. 1915A, 541, 130 Pac. 876]. We are satisfied that appellant's argument is based upon a false premise and that the authority cited is not applicable. This is not an action

to recover damages for a malicious levy of execution, but is an action to recover money which respondent paid to appellant under compulsion. ■ It is well settled that where payment is made under circumstances which amount to compulsion or coercion sufficient to render the payment involuntary, recovery of the money may be had. (*McTigue* v. *Arctic Ice Cream S. Co.*, 20 Cal. App. 708 [130 Pac. 165] ; *Rowland* v. *Watson,* 4 Cal. App. 476 [88 Pac. 495]. See, also, discussion in *Burke* v. *Gould,* 105 Cal. 277 [38 Pac. 733], *Standard Box Co.* v. *Mutual Biscuit Co.,* 10 Cal. App. 746 [103 Pac. 938], and *Brumagim* v. *Tillinghast,* 18 Cal. 265 [79 Am. Dec. 176].) As was said in the last-named case, at page 272 of the opinion, ''What shall constitute the compulsion or coercion which the law will recognize as sufficient to render payments involuntary, may often be a question of difficulty. It may be said in general that there must be some actual or threatened exercise of power possessed, or supposed to be possessed, by the party exacting or receiving the payment over the person or property of the party making the payment, from which the latter has no other means of immediate relief than by advancing the money.'' In *Burke* v. *Gould, supra,* at page 281, the court said, ''The doctrine is an equitable one, and is founded upon the theory of the moral duress not justified by law. When such duress is exerted under circumstances sufficient to influence the apprehensions and conduct of a prudent business man, payment of money wrongfully induced thereby ought not to be regarded as voluntary. But the circumstances of the case are always to be taken into consideration.'' In *Standard Box Co.* v. *Mutual Biscuit Co., supra,* the court said on page 761, after discussing numerous authorities, ''Conceding that the courts recognize what may be termed moral duress under some circumstances, there is always some element of illegality in the demand complained of, some denial of a right, some unfounded claim, some extortion . . . 'as a condition to the exercise by the party of a legal right'.''

■ In the present case it is conceded that there was sufficient evidence to sustain the findings that respondent was the owner of the property and that appellant's judgment debtor had no interest therein. In fact these issues were *res judicata* by reason of the findings and decree in the

injunction suit. Respondent had a right to sell its property without being molested with the wrongful levy of execution based upon appellant's unfounded claim that her judgment debtor had an interest in the property. That right was denied to respondent by the act of appellant. Owing to the threatened loss of the sale and the delay necessarily incident to the prosecution of the injunction suit, respondent's only means of avoiding serious loss was by payment of the money. Under these circumstances the payment may not be considered voluntary (*McTigue* v. *Arctic Ice Cream S. Co., supra*), and the trial court properly found that "the exaction of the three thousand dollars from the plaintiff was without right on the part of the defendant and that plaintiff paid the same under compulsion in order to save financial loss to plaintiff". In our opinion the evidence was sufficient to support all the material findings and the judgment. It therefore follows that the judgment should not be disturbed by reason of the failure of the trial court to make findings upon immaterial issues which would not affect the judgment. (2 Cal. Jur. 1033.).

█ Appellant further contends that the trial court erred in denying the motion for new trial. That motion was based upon the alleged insufficiency of the evidence and upon alleged newly discovered evidence. We find no merit in appellant's contention. The sufficiency of the evidence had already been considered. Assuming that the newly discovered evidence set forth in appellant's affidavit was competent, it related solely to the issue of ownership of the property involved. That issue was *res judicata* by reason of the findings and decree in the injunction suit.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 3, 1931, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 31, 1931.

Curtis, J., and Richards, J., dissented.