[Civ. No. 10273. Second Appellate District, Division Two.—June 28, 1935.]

MARIE BREITHAUPT, Respondent, v. JAHN & BRESSI CONSTRUCTION COMPANY (a Corporation), Appellant.

Mills, Hunter & Dunn and Harold J. Hunter for Appellant.

Lineman & Lineman, Benjamin Lewis and Walter S. Cocn for Respondent.

CRAIL, J.—This is an action for damages for personal injuries. At the time plaintiff was injured she was walking on a road known as the Angeles Forest Road in the county of Los Angeles. On the day of the accident defendant was engaged and for six months prior thereto had been engaged in road construction work on what is known as Angeles Crest

Road, which latter road, at the point where the accident happened, is about 200 feet higher vertically and 300 feet distant on the line of the slope.

At the time of the accident the defendant was making a fill by dumping dirt and rocks from trucks and then leveling the material with a bull-dozer. Rocks rolled down the slope when dumped from the trucks or when dislodged by the bull-dozer. No warning was given on the lower road in any manner to indicate that work was being done on the Crest road.

Plaintiff and two other women had walked up the lower road and after resting awhile were walking back down the lower road when suddenly and unexpectedly rocks began rolling down the slope towards them. A large rock struck the plaintiff in the head and shoulder, causing the severe injuries complained of.

The case was tried by a judge without a jury and from a judgment in favor of the plaintiff the defendant has taken this appeal.

■ Appellant's first contention is that the evidence fails to show any negligence on the part of the defendant. There was evidence that the lower road was generally used by the public, and that the defendant had full knowledge of the general use which was made of it. No construction work was being done upon the lower road and there was nothing in the appearance of that road to indicate to persons using it that any danger existed. There was evidence that when the work was first started a chain was put across the road about 1600 feet from and below the place of the accident, and that after about two weeks this chain was let down and remained down thereafter. The only sign placed by the defendant on or near the lower road was the ''Danger, Blasting'' sign which was about 1600 feet below the place of the accident. The evidence further shows that when blasting was being done the defendants had flagmen on the lower road protecting the public against danger. The work which the defendant was doing on the day of the accident created similar dangers by casting rocks onto the lower road but there were no flagmen on that day.

All of this evidence tends to support plaintiff's contention that the defendant by some mistake or omission failed on

the day of the accident to give any warning to those using the lower road and that the defendant was not using due care at the time.

The dumping or dislodging of rocks in such manner that they will roll with great force down a steep slope onto a roadway may be necessary on occasion. But it is obviously very dangerous to people using the roadway, and the person so dumping should use at least ordinary care not to injure people on the roadway. Whether or not in this instance the defendant used such care was for the trial court to determine under all of the facts and circumstances in evidence.

Appellant also urges that plaintiff was guilty of contributory negligence *as a matter of law*. Contributory negligence is an affirmative defense and in this instance the burden of proving it was on the defendant. Ordinarily the question of contributory negligence is solely within the province of the fact finder. We should not disturb its finding in this regard if there is any substantial evidence to support it.

Upon examining the transcript we find evidence tending to show that before the day of the accident plaintiff had never been at the place where the injury occurred and was not familiar with the surroundings; that there was nothing on the lower road to indicate that the Crest road above was under construction and that plaintiff did not know that such was the fact; that she had no knowledge of the danger; that the only signs which warned of danger were 1600 feet down the road and that they made no mention of the upper road; that the road on which plaintiff was walking was not under construction or repair; that it was in use by the general public; that plaintiff saw automobiles and pedestrians using it on the day of the accident; and that plaintiff had walked up the road by the place where the accident happened without mishap or any warning of possible danger less than an hour before the accident happened. Under such circumstances, as a reasonably prudent person she might ordinarily assume that the road would be safe to walk upon. This case presents a very different situation from one where a person is injured on a highway which is under construction and closed to travel. The danger in the instant case was unforeseen by the plaintiff and was due entirely to the manner in which the defendant was conducting its work on another road, sepa-

rate and distinct from the one on which plaintiff was walking. The finding of the trial court that plaintiff was not guilty of contributory negligence should not be disturbed.

The appellant makes nineteen assignments of error but argues only the two disposed of hereinabove. The record discloses that the case was carefully and fairly tried. We find no prejudicial error.

The judgment is affirmed.

Stephens, P. J., and Fricke, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 24, 1935.