[Civ. No. 4057. Fourth Dist. May 24, 1950.]

HAROLD McNICHOLS, Appellant, v. NELSON VALLEY BUILDING COMPANY (a Corporation) et al., Respondents.

Jerrell Babb for Appellant.

Ralph Robinson for Respondents.

MUSSELL, J.—Plaintiff appeals from a judgment for defendants after demurrer sustained to the second amended complaint without leave to amend. The action is for the recovery of real property alleged to have been conveyed to defendants by plaintiff under duress or business compulsion. Plaintiff prays for the recovery of the real property or its value, and in addition, seeks damages for certain costs and expenses incurred by reason of the acts of the defendants. The sole ques-

tion for our determination is whether the complaint states facts sufficient to constitute a cause of action.

It is alleged in the complaint, in substance, that the plaintiff, who was then the owner of certain real property described as Lots 1 to 21, inclusive, Tract No. 1063, Flora Gardens, Fresno County, opened an escrow in the city of Los Angeles wherein he agreed to purchase a motel in Pacoima, California. As a part of the purchase price thereof, plaintiff agreed to transfer to the motel owner 10 of the lots situated in Fresno; that plaintiff agreed, among other things, to furnish a policy of title insurance covering the Fresno property; that the escrow agreement contained a provision that the transaction be completed on or before the 25th day of April, 1949; that on the 3d day of March, 1949, the defendants unlawfully and fraudulently commenced an action in the Superior Court of Fresno County against the plaintiff herein entitled "complaint-dissolution of partnership"; that at the time of the filing of said action, the defendants unlawfully and fraudulently caused to be prepared and recorded a notice of *lis pendens* which notice clouded the title of plaintiff's property in Fresno to such an extent that the escrow holder refused to furnish a policy of title insurance as required by the escrow agreement; that upon the said refusal of the escrow holder, plaintiff demanded of defendants that they immediately release of record the *lis pendens* notice; that the defendants refused to release it without compensation and demanded that plaintiff convey to them four of the Fresno lots; that these lots had a market value of $6,000; that plaintiff, in order to complete said escrow agreement and to protect himself against any damage suit that would arise out of his failure to complete his part of the escrow agreement on or before the 25th day of April, 1949, and under unlawful compulsion and duress on the part of the defendants toward plaintiff, did deed to the defendants four of the Fresno lots; that the four lots aforesaid were conveyed by plaintiff to defendants without consideration, against his will and under duress; that at the time the defendants filed the complaint for dissolution of partnership, they knew that there was no partnership, as alleged, and that plaintiff was not indebted to defendants, or any of them in any manner whatsoever; that the defendants fraudulently and unlawfully recorded the *lis pendens*, knowing that when recorded, it would cloud plaintiff's title to the Fresno property and thereby put defendants in a position to force plaintiff into a quick and involuntary settlement

with them in order to complete the escrow agreement; that the defendants unlawfully and fraudulently compelled the plaintiff, without his consent, to execute a stipulation reciting, in substance, that the partnership dissolution action had been completely settled out of court and that it should be dismissed with prejudice to the commencement of any other or further action by the plaintiff or the defendants; that the stipulation was recorded in the county of Fresno on the 25th day of April, 1949; that by reason of the wrongful recording of the *lis pendens* and the failure of the defendants to release it, plaintiff was not able to close the Los Angeles escrow within the time provided, and on May 2, 1949, an action was brought against plaintiff for damages for his failure to complete the escrow within the time specified; that as a result of the filing of said action, plaintiff has incurred expenses in connection with the defense thereof.

It is apparent that the complaint is sufficiently drawn to state a cause of action under the doctrine of duress or business compulsion.

■ The general rule with regard to duress of this character is as stated in *Young* v. *Hoagland,* 212 Cal. 426, 431 [208 P. 996, 75 A.L.R. 654], that where, by reason of the peculiar facts, a reasonably prudent man finds that in order to preserve his property or protect his business interest, it is necessary to make a payment of money which he does not owe, and which in equity and good conscience the receiver should not retain, he may recover it. It is there said, quoting from 20 California Jurisprudence, page 964:

" 'The underlying principle (that money paid under compulsion may be recovered) is said to be that, by the performance of or threat to perform some unlawful act whereby plaintiff will suffer loss, the defendant has induced the plaintiff, under circumstances sufficient to control the action of a reasonable man, to pay money which he would not otherwise have paid.' It has frequently been held that payment of an illegal claim to a public officer upon the threat of the latter to seize and sell the property of the plaintiff under process held by said officer, is a payment made under compulsion and may be recovered back. 'In such cases the parties cannot treat on equal terms, and the one on whom the demand is made is not bound to submit to the seizure of his property, and then seek his remedy for trespass, but he may pay the illegal demand and then recover it back.' (21 R.C.L., p. 159.) "

724

In *Oswald* v. *City of El Centro*, 211 Cal. 45 [292 P. 1073, 71 A.L.R. 899], the board of trustees of the city, as a condition for granting an extension of time for the performance of a contract for street improvements, required the contractor to execute a lease to the city of valuable property for a long term at a nominal consideration, and it was held that the lease was lacking in a valid consideration, and, being the product of compulsion and coersive method, was against public policy and therefore void.

In *Myers* v. *City of Calipatria*, 140 Cal.App. 295 [35 P.2d 377], the court said:

"What constitutes the compulsion or coercion which the law recognizes as sufficient to render a payment involuntary is often a question of difficulty. It may be said in general that there must be some actual or threatened exercise of power possessed, or supposed to be possessed, by the party exacting or receiving the payment, over the person or property of the party making the payment from which the latter has no other means of immediate relief than by advancing the money. (*Bucknall* v. *Story*, 46 Cal. 589 [13 Am.Rep. 220].)"

In *Wake Development Co.* v. *O'Leary*, 118 Cal.App. 131 [4 P.2d 802], the judgment creditor caused an execution to be levied on real property in which the judgment debtor had no interest, thereby casting a cloud upon the real owner's title and causing the latter to pay the judgment creditor a sum of money to obtain a release in order to prevent the loss of a sale of said property. The action was brought by the owner against the judgment creditor to recover the money on the ground that it was paid under compulsion. The judgment in favor of the plaintiff was sustained and the court said, on page 134:

"It is well settled that where payment is made under circumstances which amount to compulsion or coercion sufficient to render the payment involuntary, recovery of the money may be had." (Citing cases.)

It is argued that the filing of a suit to enforce a claim or an alleged claim cannot in any sense be duress. While this court has held that it is not legal duress to threaten to or actually take advantage of the usual remedy by suit for the enforcement of a debt or obligation (*C.I.T. Corp.* v. *Hawley*, 34 Cal.App. 2d 66 [93 P.2d 216]) the complaint before us contains an allegation that there was no debt or obligation existing at the time of the filing of the suit for dissolution of the partnership.

In *Steffen* v. *Refrigeration Discount Corp.*, 91 Cal.App.2d 494 [205 P.2d 727], the plaintiff brought an action to recover

unearned interest paid under duress. The plaintiff had borrowed sums from the defendant upon which interest had been calculated for a period of four years. Notes were given for the principal sum, plus the interest, which notes were secured by mortgages on real and personal property. The notes contained a provision that in case of default in the payment of any installment, the whole sum of principal and interest should become due at the option of the holder. Plaintiff fell into arrears and defendant, taking advantage of these acceleration provisions, declared the full amounts of the three notes to be due and payable. Faced with the threat of foreclosure of the security for all three notes, plaintiff arranged to sell one of the parcels of real property and opened an escrow for the purpose, paid off, or made arrangement to pay off, the full amount on the notes and brought suit for the unearned interest. The court held that in each case the unearned interest was paid under duress and said, on page 498:

"The test of duress is, at its harshest, what would have influenced the conduct of a reasonable man (*Young* v. *Hoagland, supra*, 212 Cal. 426, 431) and many courts have relaxed the rule to make the test the state of mind induced in the particular person (17 Am.Jur., Duress and Undue Influence, Sec. 11, pp. 883-885). Taking the harsher test of the effect on the mind of the average reasonable man we cannot say that the evidence does not support the court's finding that the overpayments herein recovered were made under duress. *Whether the individual acted as a reasonably prudent person is ordinarily a question for the trier of the facts. (Young* v. *Hoagland, supra*, 212 Cal. 426, 431-432.)*" (Italics ours.)

We conclude in the instant case that the question of whether plaintiff acted as a reasonably prudent person under the circumstances was a question for the trier of facts and that the court erred in sustaining the demurrer herein without leave to amend.

The question of whether there were in fact any legal or equitable grounds for filing the action for dissolution of partnership and recording the notice of *lis pendens,* and whether the stipulation was signed under duress or business compulsion were likewise questions of fact for the trial court.

The judgment is reversed.

Griffin, Acting P. J., and Shepard, J. pro tem., concurred.

Respondents' petition for a hearing by the Supreme Court was denied July 20, 1950.