[Civ. No. 7932. Third Dist. Sept. 27, 1951.]

BRUCE BRAHS et al., Respondents, v. ABE KATCHER, Appellant.

Barr & Hammond and Raymond Shone for Appellant.

Glenn D. Newton for Respondents.

PEEK, J.—By their complaint plaintiffs sought to recover from defendants, individually, the sum of approximately $7,000, representing the value of cattle sold by plaintiffs to defendants. The defendants denied generally the allegations of the complaint, and defendant Abe Katcher individually interposed a counterclaim wherein he prayed for the return of $3,000, alleged to have been paid under coercion and threats of criminal prosecution. The trial court denied recovery to plaintiffs upon their complaint and defendant Abe Katcher upon his counterclaim.

Said defendant now appeals, raising but one question: That the evidence is insufficient to support the finding of the trial court that ". . . it is not true that within one year last past plaintiffs obtained the sum of $3000.00 from defendant Abe Katcher without consideration or by means of threats of criminal prosecution; that it is not true that the sum of $3000.00 or any other sum is now due, owing and unpaid." His argument in support of such contention is that the evidence shows that appellant paid the money under duress and threat of criminal prosecution and hence the court should have ordered restitution thereof.

Again we reiterate the familiar rule that a finding of fact will not be disturbed on appeal where there is a conflict in the evidence. (*Tupman* v. *Haberkern*, 208 Cal. 256 [280 P. 970].) The evidence in support of the trial court's conclusion shows that during the latter part of 1948 appellant made several purchases of cattle from respondents. Drafts in the approximate sum of $9,000, which appellant had given in payment thereof, were dishonored, and in January, 1949, $3,000 of the amount owing was paid under the circumstances

here in dispute. The facts surrounding the payment of said sum were that respondent Brahs telephoned appellant Katcher from the office of the district attorney of Siskiyou County, stating to Katcher, in substance, that while he could be prosecuted and put in prison for from one to fourteen years, such a procedure would not collect the money which was what he wanted, since Katcher could go through bankruptcy if he desired; that Brahs had played along with Katcher for a long time, but that all he got from him was promises, and that he had to have his money.

The law is well established in this state that to render a payment involuntary and hence recoverable, there must be an actual or threatened exercise of power possessed or supposed to be possessed by the party receiving payment. (*Brumagim* v. *Tillinghast*, 18 Cal. 265 [79 Am.Dec. 176]; *Wake Development Co.* v. *O'Leary*, 118 Cal.App. 131 [4 P.2d 802].)

The threat must be clear and direct. It is not sufficient that a threat might possibly be inferred. In *Brane* v. *First Nat. Bank in Wichita*, 137 Kan. 403 [20 P.2d 506], the Supreme Court of Kansas held that a complaint which alleged merely that defendants told plaintiffs that payment of the amount demanded would protect plaintiff's son-in-law from criminal prosecution failed to state a cause of action for the recovery of money paid under duress. The court observed that in "these cases cited by parties in this connection, there is not one instance of duress that does not have a specific and definite threat," and went on to say that to establish duress by threat of criminal prosecution "requires a threat, and a mere suggestion of payment affording a protection from criminal prosecution is not sufficient."

In the present case the testimony of respondent Bruce Brahs shows at the most a statement of power possessed, rather than a threatened exercise of that power.

Accordingly, we conclude, on the basis of the testimony most favorable to the respondents, that the trial court was justified in finding that the money was not paid under threat of criminal prosecution.

The judgment is affirmed.

Van Dyke, J., and Schottky, J. pro tem., concurred.