[Civ. No. 4387. Fourth Dist. Feb. 25, 1953.]

HAROLD McNICHOLS, Appellant, v. NELSON VALLEY BUILDING COMPANY (a Corporation) et al., Respondents.

Jerrell Babb for Appellant.

Ralph Robinson for Respondents.

GRIFFIN, J.—Plaintiff and appellant, in a second amended complaint, alleges that on February 21, 1948, he orally agreed to engage defendant and respondent Daniel Nelson, as a building contractor to erect dwellings upon certain real property owned by plaintiff; that he accepted and rendered specific charges for labor performed by him, which charges were paid in full; that on February 23, 1949, plaintiff opened an escrow in Los Angeles and obligated himself to purchase a motel from the owner and agreed, as part of the consideration, to convey 10 lots in Fresno, being part of the property above mentioned; that the escrow was to be completed on April 25th; that although plaintiff had settled all of his accounts with defendant he, on March 3d, 1949, fraudulently commenced an action in Fresno County entitled *Nelson Valley Bldg. Co. et al., v. McNichols,* seeking a dissolution of a claimed partnership. A copy of that complaint is set forth as an exhibit in the instant complaint. The exhibit alleges that a partnership existed between plaintiff and Daniel Nelson, Sr., and Daniel Nelson, Jr. It sought a dissolution of the partnership and asked for an accounting. Plaintiff now charges in this complaint that in fact there was no partnership existing between the parties, and that the Nelsons fraudulently caused a notice of lis pendens in that action to be recorded for the unlawful purpose of placing plaintiff here in a position of breaching his escrow agreement and subjecting him to a damage suit and forcing him to settle with the Nelsons unjustified claims made by them; that to avoid such damage action plaintiff McNichols, under duress, conveyed to them four of the lots here involved, valued at $6,000; that the Nelsons then released the lis pendens notice upon stipulation, made under duress, and in which plaintiff stated that the subject matter of the dissolution action had been fully settled out of court, and that such action had been dismissed with prejudice. It is then here alleged that due to the fact that the lis pendens was not released until after April 25, the owner of the motel property did, on May 2d, 1945, bring an action to recover $500 damages for the alleged breach of the escrow agreement by McNichols. The prayer is that the conveyance to defendants be set aside, and

for judgment that the Nelsons reconvey title to the four lots or that plaintiff recover damages for their value. Damages for attorneys' fees claimed to have been paid by plaintiff in the damage action are sought as well as exemplary damages for $10,000. For further details see *McNichols* v. *Nelson Valley Bldg. Co.*, 97 Cal.App.2d 721 [218 P.2d 789].

By way of answer, the Nelsons alleged that they were experienced contractors and builders, having been duly licensed as such by the State of California, and were interested in acquiring a tract of land for subdivision purposes, upon which to build homes for resale; that they were unable to completely finance said transaction; that they contacted plaintiff, who indicated his willingness to enter into an oral copartnership arrangement with defendants; that in accordance with that understanding, the property here mentioned was purchased for these defendants in plaintiff's name, and necessary proceedings were taken by the parties to subdivide the tract into 21 building lots; that a map was duly recorded; that as a part of the partnership transaction it was agreed that the Nelsons would devote their time to the activities of the copartnership and would be paid for their personal services performed by them as contractors and builders at the regular building scale of wages; that plaintiff would be paid at the same rate for any services performed by him; that McNichols would advance all money and that the profits would be divided one-half to the Nelsons and one-half to the plaintiff; that the subdivision was laid out; that defendants constructed an office building; prepared 12 sets of plans and specifications for buildings, and that plaintiff advanced the cost thereof on October 1st; that the Nelsons formed a corporation known as Nelson Valley Building Company, with plaintiff's consent, and assigned to it all their right in the partnership agreement; that the Nelsons conferred with various financial agencies for the purpose of obtaining construction loans; that after grading the streets, etc., plaintiff failed and refused to furnish the money agreed upon to construct the buildings, refused to sell the land or permit defendants to sell it; refused to make any accounting or to divide the assets, and refused to continue the business of the partnership; that defendants fully complied with their part of the agreement; that without the knowledge and consent of defendants, plaintiff entered into the escrow agreement and attempted to sell all of the lots; that as a result, defendants did file the dissolution action; that as a result of the stipulation entered, defendants released

the lis pendens by way of settlement of all their claims under the dissolution action, as alleged, and that plaintiff did, as a result thereof, deed the four lots to them. They denied that the actions of plaintiff were the result of any duress, fraud, or business compulsion. The remaining allegations of the complaint are specifically denied.

The court found generally against plaintiff's contentions and in accord with the allegations of defendants' answer. It specifically found that defendants had an interest in the land purchased by plaintiff; that said interest was their share of the profits from the sale of the land over and above advances made by plaintiff and other costs accruing in the venture. Judgment was for the defendants. Plaintiff appealed under an engrossed settled statement, under rule 7, Rules on Appeal, and a partial transcript of the testimony was made a part thereof by reference.

The first point is the claim of plaintiff that the alleged partnership agreement was void *ab initio* because, at the time it was made, defendants did not possess a general contractor's license, and accordingly, defendants here were without justification in filing an action for dissolution of the partnership and seeking an accounting, citing such cases as *Bowline* v. *Gries*, 97 Cal.App.2d 741, 746 [218 P.2d 806]; *Loving & Evans* v. *Blick*, 33 Cal.2d 603, 608 [204 P.2d 23]; *Miller* v. *Kraus*, (Cal.App.) 155 P. 834, [But see *Miller* v. *Kraus*, (Cal.) 155 P. 838]; *Hooper* v. *Barranti*, 81 Cal.App.2d 570 [184 P.2d 688]; *Moon* v. *Goldstein*, 69 Cal.App.2d Supp. 800 [158 P.2d 1004]; and Bus. & Prof. Code, § 7025 et seq.

In the first place, the pleading of plaintiff in the instant action does not directly raise this issue. The claim is based on defendants' allegation in their dissolution proceedings that the parties entered into an oral agreement of copartnership wherein it was agreed "That plaintiffs Daniel Nelson and Daniel Nelson, Jr. were experienced contractors and *building*, having been duly and regularly licensed as such by the State of California," etc. Plaintiff merely denied in his complaint that there was such a copartnership formed. Apparently there was no answer filed by McNichols in the dissolution proceedings, either admitting or denying the allegation pertaining to the license. In the present action, however, the answer of defendants alleged that defendants were "experienced contractors and builders, having been duly and regularly licensed as such by the State of California, and as

such were interested in acquiring a tract of land for subdivision upon which to build homes . . . for resale.''

. In this respect the court found as true that on July 21, 1948, the defendants were ''experienced contractors and builders and as such were interested in acquiring a tract of land for subdivision upon which to build homes . . . for resale.'' There is no direct finding that defendants did or did not have the license claimed. The evidence produced on the subject was that ''Daniel Nelson was not a licensed contractor under the classification B-1 (General Building Contractor) from January 1, 1948, to October 1, 1948, but that the Valley Building Company (Mabel Luella Nelson, owner, and Daniel A. Nelson [husband], responsible managing employee) was issued a contractor's license No. 71115, classification C-8 (Cement and Concrete) on January 2, 1941, and this license has been renewed to January 30, 1950''; that ''Daniel A. Nelson, as responsible managing employee, qualified for a supplemental classification of B-1 (General Building Contractor), which license was granted October 1, 1948, and changed to Valley Building Company, and was in effect on June 30, 1950.'' We see no merit to the argument that the claimed oral partnership agreement was void *ab initio*.

In *Norwood* v. *Judd*, 93 Cal.App.2d 276 [209 P.2d 24], involving a similar question, many of the cases cited by plaintiff are distinguished. It is there said:

:''The rule in license cases is most frequently applied to those situations where a firm or person required to be licensed fails to secure a license and sues a third person for services rendered or material furnished. In such event the unlicensed firm or person cannot recover because to do so would be to defeat the very purpose of the licensing statute.'' See, also, *Gatti* v. *Highland Park Builders, Inc.*, 27 Cal.2d 687 [166 P.2d 265]; *Citizens State Bank* v. *Gentry*, 20 Cal.App.2d 415 [67 P.2d 364]. Certain exceptions to this rule are noted in the Norwood case and the court said: ''. . . equity can and will grant relief where the court is not required, in granting the relief, to lend its aid in enforcing a transaction illegal only because a permit that could have been secured was not secured.'' (Citing cases); that '' 'When a business, which has been illegally conducted for lack of license, as distinguished from an unlawful and forbidden enterprise, has been completely terminated and one of the parties subsequently expressly agrees to divide in a specified manner the assets in

his possession, courts will entertain suits for accounting, in assumpsit, or based on an implied trust, to recover the property belonging to the claimant.' ''

█ It appears here that the oral partnership agreement was not void on its face. It provided that plaintiff should furnish the money; that the real property purchased with it should be held in plaintiff's name for the benefit of the partnership and that the partnership would build homes on the property after the subdivision improvements were in. The fact that the partnership did not, at that time, have a general building contractor's license, did not affect the validity of the agreement if it was a lawful one and not against public policy.

In *Radich* v. *Cernokus*, 65 Cal.App. 452. [224 P. 124], it is said, quoting from the syllabus:

"A listing contract, by which an owner appoints another as his agent to sell certain real property, is not void because such agent does not have a real estate broker's license at the time of its execution. It is sufficient if he has such license at the time he procures a purchaser."

To the same effect is *Fewel & Dawes, Inc.* v. *Pratt,* 17 Cal. 2d 85, 90 [109 P.2d 650]; *Houston* v. *Williams,* 53 Cal.App. 267 [200 P. 55]; and *Brenneman* v. *Lane,* 87 Cal.App. 414 [262 P. 400]. A general contractor's license, if required, might well have been obtained before any general contractor's building license was required. In addition, the partnership might well have let the general contract for building the homes to a general licensed contractor or to the Nelson Valley Building Company, if and when it was properly licensed. There is evidence that such a contract for the building of the office and the grading and oiling of streets in the subdivision was let by the partnership to one Woof, a licensed general building and paving contractor. The Nelsons worked on this contract and were allowed union wages at $2.15 per hour.

█ There is this additional observation, that a partnership, at will, may be dissolved at any time by agreement of the parties. (*Shuken* v. *Cohen,* 179 Cal. 279 [176 P. 447]; *Lytle* v. *Kroenke,* 67 Cal.App.2d 596 [154 P.2d 919].)

█ It clearly appears from the evidence that if a partnership did exist it was dissolved by agreement of the parties, and there was a winding up of the partnership affairs. The profits from the sale of the property by plaintiff were distributed

in accordance with the agreement of the parties by delivering to defendants a deed to the four lots involved and by the retention by plaintiff of the remaining lots. The nature of the action filed, the subsequent stipulation and dismissal of the proceedings, and the liquidation and transfer of the property by recorded deed clearly indicated an agreement of dissolution and winding up of the partnership affairs, as found by the court. No legitimate claim may now be made that the partnership agreement was void and the stipulation of no effect because defendants were not, at the time, licensed contractors.

The claim that the evidence conclusively shows that the stipulation dismissing the partnership dissolution and accounting action was signed under duress and illegal business compulsion, and that plaintiff's act in deeding over the lots to defendants was not an act of a reasonable and prudent man, is equally without merit. This was a factual question for the trial court to determine. (*McNichols* v. *Nelson Valley Bldg. Co.*, *supra*; *McKee* v. *Mires*, 110 Cal.App.2d 517 [242 P.2d 954].)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 23, 1953.