[Civ. No. 9315. Third Dist. June 11, 1958.]

RAYMOND J. BUSH et al., Appellants, v. ELWIN E. LANE et al., Respondents.

Spurr & Brunner for Appellants.

Preston, Falk & Johnson for Respondents.

WARNE, J. pro tem.*—The cross-defendants, Bush, appeal from a judgment in the sum of $2,218.01 entered in favor of the Lanes on their cross-complaint for the reasonable value

*Assigned by Chairman of Judicial Council.

of certain storage charges. A motion for a new trial was denied.

The cross-complaint alleged that appellants became indebted to Leonard Nix in the sum of $2,218.01 for storage furnished by Nix at appellants' request and in consideration of their promise to pay therefor; that no part of said sum had been paid; and that Nix had assigned said storage charge to the respondents.

Appellants contend that the evidence is insufficient to support the findings that they became indebted to Nix for storage furnished at their request and in consideration of their promise to pay therefor.

The facts of this case were before this court in the case of *Bush* v. *Lane,* 139 Cal.App.2d 376 [293 P.2d 465]—petition for hearing in the Supreme Court denied.

Because of the appellants' default of a contract of sale whereby they purchased from the respondents certain real property known as Lane's Riverdale Resort, the respondents repossessed the premises pursuant to a quitclaim deed. By a letter mailed on April 10, 1952, respondents notified appellants that their personal property would be held for them without expense until April 19th, but if they failed to remove such effects by the 19th, they would be delivered to Leonard Nix to be transported to his warehouse and stored at appellants' expense. Appellants failed to remove their property and, accordingly, on April 20th the goods were delivered to Leonard Nix and stored in his warehouse. At the trial of the instant case, it was stipulated that the storage charges were reasonable. The claim for the storage was duly assigned by Leonard Nix to the respondents.

Since the record shows that the appellants were notified that if they did not remove their property it would be transported and placed in storage at their expense, and they chose to allow it to be stored in a warehouse, it follows that there was an implied agreement on their part to pay for the storage.

"A contract is either express or implied." (Civ. Code, § 1619.) "An express contract is one, the terms of which are stated in words." (Civ. Code, § 1620.) " 'An implied contract is one, the existence and terms of which are manifested by conduct' (Civ. Code, § 1621); or, in the language of a learned writer, 'is inferred from the conduct, situation, or mutual relations of the parties, and enforced by the law on the ground of justice.' " (*Jennings* v. *Bank of California,*

79 Cal. 323, 326 [21 P. 852, 12 Am.St.Rep. 145, 5 L.R.A. 233].) ██ "The making of an agreement may be inferred by proof of conduct as well as by proof of the use of words." (*Dunham, Carrigan & Hayden Co.* v. *Thurmoid Rubber Co.*, 84 Cal.App. 669, 673 [258 P. 663].)

██ As stated in *Young* v. *Bruere*, 78 Cal.App. 127, 132 [248 P. 301] : "Where one performs for another, with the other's knowledge, a useful service of a character usually charged for, and the latter expresses no dissent, or avails himself of the service, a promise to pay the reasonable value of the services is implied." (See also *Medina* v. *Van Camp Sea Food Co.*, 75 Cal.App.2d 551, 553-554 [171 P.2d 445].)

Under the rules laid down in the above cited cases the evidence amply supports the findings and the judgment.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.