[Civ. No. 10718.   Third Dist.   Mar. 23, 1964.]

THE PACIFIC TELEPHONE AND TELEGRAPH COMPANY, Plaintiff and Respondent, v. GRANITE CONSTRUCTION COMPANY et al., Defendants and Appellants.

Grunsky & Pybrum and L. Rodney Hollingshead for Defendants and Appellants.

Pillsbury, Madison & Sutro, John A. Sutro, Noble K. Gregory, Gerald M. Doppelt and Eugene C. Crew for Plaintiff and Respondent.

SCHOTTKY, J.—Plaintiff sued defendants for damages to its cable allegedly caused by negligence and trespass and for costs incurred in relocating the cable. Judgment was for plaintiff and defendants have appealed from said judgment.

Appellants contend that the evidence is insufficient to support the judgment. ▮ Where the attack on appeal is the sufficiency of the evidence, "the appellate court must consider the evidence in the light *most favorable to the prevailing party*, giving him the benefit of *every reasonable inference*, and *resolving conflicts* in support of the judgment." (3 Witkin, Cal. Procedure, § 84, p. 2245.)

The learned trial judge filed a memorandum of decision which ably and correctly states the applicable law, and because such opinions are always helpful to an appellate court we adopt said opinion as part of the opinion of this court. It is as follows:

"In the summer of 1958 plaintiff, Pacific Telephone and Telegraph Company, hereafter known as Pacific, had installed an underground communications cable to Squaw Valley, California, preparatory for the Winter Olympic Games. Pursuant to franchise rights given by law (Pub. Util. Code, § 7901), the installation was on the north side of an existing public road leading from Highway 89 to the site of the Games. The evidence showed that prior to the installation, Pacific had contacted the Olympics Commission, and from the engineer in charge had obtained approval of the location of the cable both as to position and depth. This approval was obtained in anticipation that the said access road would be improved. Pacific then went ahead with its installation and laid the cable at a minimum depth of 3 feet.

"Subsequently, defendant Granite Construction Company, hereafter known as Granite, undertook to improve and rebuild the said access road from Highway 89 to Squaw Valley. This was done pursuant to contract and specifications from the Organizing Committee for said Olympics Commission. The evidence showed that in its road construction activity Granite, on three different occasions, damaged plaintiff's cable, making repairs necessary. The cable contained within it 910 separately wrapped wires, and when severed or damaged the splicing of the individual wires became an intricate and time-consuming job, there being 1,820 wires to handle.

"Responsibility for this damage clearly rests with Granite. Liability for tortious conduct is based upon the rule that 'Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights' (Civ. Code, § 1708), and 'One must so use his own rights as not to infringe upon the rights of another' (Civ. Code, § 3514).

"A cause of action in tort is based on violation of a legally protected right. In this connection, section 7952 of the Public Utilities Code provides 'Any person who injures or destroys, through want of proper care, any necessary or useful fixture of any telegraph or telephone or electric power corporation or the pipe line, valves or fittings of any gas corporation, is liable to the corporation for all damages sustained thereby.'

"The evidence in this case showed that Pacific had exercised its franchise right, and that its cable had been installed and was in place *before* Granite had begun any of its work. The contract and specifications under which Granite was working gave it no privilege or rights to infringe upon Pacific's franchise, nor to damage the underground cable. On the contrary, said plans and specifications made it the contractor's duty to ascertain the existence of underground facilities and placed upon the contractor the obligation to protect said utilities . . . . Provision was contained in said plans and specifications for a method of removing utilities when the same became necessary by reason of a subsequent improvement. The evidence before the court indicated that Granite disregarded these provisions of the specifications, and showed a negligent failure to use proper care in preventing or avoiding injury to plaintiff's underground installation. In spite of knowledge of the existence and location of said cable, and of the efforts of plaintiff's employees to protect it, Granite, through its agent and representative on the

job, Mr. Ostrander, failed to cooperate in efforts to protect said cable, which conduct disclosed an apparent disregard for plaintiff's franchise rights. The Court must conclude, then, that defendant Granite did trespass upon plaintiff's franchise rights, and that it should be held solely responsible for the injuries to the cable proximately caused by Granite's negligent or intentional failure to use proper care in preventing or avoiding injury to the said underground installation. The defenses of contributory negligence and assumption of risk asserted by defendant were not supported by the evidence. ▮▮ Nor is a contractor excused from his negligent act and failure to use ordinary and proper care by reason of the fact that the work is being performed by a public agency. (*Gruner* v. *Barber*, 207 Cal.App.2d 54 [24 Cal.Rptr. 292]; *Gay* v. *Engebretsen*, 158 Cal. 21 [109 P. 876, 139 Am.St.Rep. 67]; *County of Alameda* v. *Tieslau*, 44 Cal.App. 332 [186 P. 398]; *Hamilton* v. *Harkins*, 146 Cal.App.2d 566 [304 P.2d 82]; *Breithaupt* v. *Jahn & Bressi Constr. Co.*, 8 Cal.App.2d 181 [47 P.2d 339].) The cases of *Howard Homes, Inc.* v. *Guttman*, 190 Cal.App.2d 526 [12 Cal.Rptr. 244], and *Gallin* v. *Poulou*, 140 Cal.App.2d 638 [295 P.2d 958], relied upon by defendant, are not based upon situations parallel to the facts in the instant case, and therefore are not controlling.

▮▮ "The court is further of the opinion that plaintiff is entitled to recover the reasonable and necessary cost of relocating some 780 feet of its cable . . . . Plaintiff's contention that the relocation was made necessary by Granite's tortious conduct in damaging the cable, and to avoid and prevent further injuries to other portions of the cable, was sustained by the record.

▮▮ "The principle involved is given in the Restatement of the Law of Torts (volume 4, p. 613, par. 919(2)) as follows: 'A person who has already suffered injury by the tort of another is entitled to recover for expenditures reasonably made or harm suffered in a reasonable effort to avert further harm.'

"When related to threatened property damage in connection with the operation of a business it is sometimes known as the doctrine of 'economic compulsion' or 'business duress' and is a modern theory for quasi-contractual relief (1 Witkin, Summary of Cal. Law, p. 159). The doctrine is invoked in situations where necessary steps are taken to protect property or business interests from threat of wrongful action by others and when there are reasonable grounds of believing

that such threats would be carried out. (*Young* v. *Hoagland*, 212 Cal. 426 [208 P. 996, 75 A.L.R. 654]; *McNichols* v. *Nelson Valley Bldg. Co.*, 97 Cal.App.2d 721 [218 P.2d 789]; *Leeper* v. *Beltrami*, 53 Cal.2d 195 [1 Cal.Rptr. 12, 347 P.2d 12, 77 A.L.R.2d 803]; *International Fishermen & Allied Workers* v. *Stemland*, 97 Cal.App.2d Supp. 931 [219 P.2d 554]; *Thompson Crane & Trucking Co.* v. *Eyman*, 123 Cal. App.2d 904 [267 P.2d 1043].) ▮ The element of compulsion or duress, as shown by the record in the instant case not only consisted in the ever present threat of injury to plaintiff's cable, entailing the intricate task of repairing it as noted above, but also in the fact that if the cable were substantially damaged a delay of six months would occur in procuring replacement, since the cable had to be specially ordered. Plaintiff was under obligation to have facilities ready for communication of the North American Tryouts for said Olympic Games, and it, as well as defendant Granite, was under pressure to have its work completed prior to the advent of winter weather. Under such circumstances Pacific was justified in taking necessary steps to protect its cable, and should be reimbursed for the reasonable expense thereof.

▮ "The court is of the opinion that plaintiff would also be entitled to recover the cost of such relocation on the ground of implied contract. ▮ In the absence of specific agreement the performing of services alone may under certain circumstances give rise to a cause of action for quasi-contractual relief. Such circumstances usually consist of the performance of useful service customarily charged for, and the benefits of such service being accepted without dissent. (*Bush* v. *Lane*, 161 Cal.App.2d 278 [326 P.2d 640]; *Medina* v. *Van Camp Sea Food Co.*, 75 Cal.App.2d 551 [171 P.2d 445]; *Greenberg* v. *Bank of America*, 175 Cal.App.2d 664 [346 P.2d 848]; *Lloyd* v. *Kleefisch*, 48 Cal.App.2d 408 [120 P.2d 97].) ▮ The record in the instant case discloses no duty or obligation on the part of Pacific to remove its cable from the path of Granite's road building machinery. The acceptance by Granite of such beneficial service without dissent, and particularly in light of all of the facts and circumstances, including statements made by plaintiff's representatives to Mr. Ostrander, was in the opinion of the court sufficient to create an implied contract and promise to pay the reasonable value thereof."

The court found that plaintiff was entitled to recover $957.35 as the actual and reasonable cost of repairing its

cable and $6,881 as the actual and reasonable cost of relocating its cable. Judgment was accordingly entered for $7,838.35 and costs. We are satisfied that the judgment is amply supported by the evidence and the law.

The judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.